NO. 07-01-0480-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 7, 2001
_____

IN RE MYRON D. GREEN,

Relator
_____

***ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Pending before this court is the petition of Myron D. Green for a writ of mandamus.[1]

Green requests that we order the "Judge of the 108th District Court of Potter county, Texas"

to rule on the following motions for 1) appointed counsel, 2) "discovery [and] inspection,

3) summary judgment, and 4) default judgment. We deny the application for the reasons

which follow.

First, Rule 52.3 of the current rules requires that the factual allegations contained

in the petition be verified by affidavit on personal knowledge. Green failed to verify them

or attest to their accuracy pursuant to §§132.001-132.003 of the Texas Civil Practice and

---

[1]Green, also, filed pleadings with his Mandamus application entitled "Plaintiff's Motion to Modify/Amend Claim for Damages" and "Motion for Recovery of Expenses." However, it appears from these documents that he intended to file them with the 108th District Court as the documents are styled "In the 108th District Court of Potter County, Texas." Furthermore, Green seeks through the motions 1) permission from the trial court to amend his pleadings and 2) attorney's fees for the prosecution of his lawsuit. Consequently, we will forward them to the district clerk of Potter County, Texas for filing.

Remedy Code.[2]  Second, his application is also missing an appendix as mandated by rule 52.3(j) of the rules of appellate procedure.  The appendix must include, among other things, a certified or sworn copy of the document showing the matter complained of.  In this case, the document showing the matter complained of would be the four motions allegedly filed with the court.  None, however, were provided to us via appendix or otherwise.  Thus, Green failed to comply with the rules applicable to obtaining mandamus relief.

Next, the need to consider and rule upon a motion is not a discretionary act.  *In re Bates*, No. 07-01-0199-CV, 2001 Tex. App. WL 513450, at *1 (Tex. App.--Amarillo  May 15, 2001, no pet. h.); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.--San Antonio 1998, orig. proceeding).  Rather, when the motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial.  *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig. proceeding) (quoting *O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.--Tyler 1993, orig. proceeding).  However, the court has a reasonable time within which to perform this duty.  *Id.*; *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding).

Additionally, no bright-line demarcates the boundaries of a reasonable time period.  *Bates*, 2001 WL 513450, at *1.  Its scope is dependent upon a myriad of factors, not the least of which is the trial court's actual knowledge of the motion or request, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first.  *Id*.  So too must the trial court's

---

[2]That Green acts in a *pro se* capacity does not relieve him from complying with the rules of appellate procedure. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied).

inherent power to control its own docket be factored into the mix. *See Ho v. University of Texas at Arlington*, 984 S. W.2d 672, 694-695 (Tex. App.--Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Finally, because it is the burden of the party requesting mandamus relief to prove his entitlement to same, *Bate*s, 2001 WL 513450, at *1, Green had the obligation to provide us with evidence of the foregoing indicia (or the like) against which we could test the reasonableness of the court's supposed delay.

Here, however, we have no evidence of the complexity of the 4 motions in question (since we lack a copy of same), the number of other cases, motions, or issues pending on the trial court's docket, the number of cases, motions, or issues which have pended on its docket longer than that at bar, the number of cases, motions, or issues pending on its docket that lawfully may be entitled to preferential settings, or the trial court's schedule. Without such evidence, any attempt to assess whether the judge of the 108th acted unreasonably in allegedly failing to address the 4 motions would be mere folly. Again, a trial court has great discretion over its docket. And, while it cannot opt to unreasonably delay hearing a motion, no litigant is entitled to a hearing at whatever time he may choose.[3]

Accordingly, the petition for writ of mandamus is denied.

---

[3]To the extent that Green also asks us to order the trial court to grant his motion for summary judgment, we cannot do that. Our authority, when subject to exercise, extends solely to ordering a court to act upon a motion; we cannot tell the trial court how to rule. *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App. – Tyler 1993, no pet.). Nor do we have the authority to ourselves rule on the pending motions for our jurisdiction extends solely to acting once the trial court has acted or arbitrarily refused to act. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992).

Per Curiam

Do not publish.