NO. 07-02-0104-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 6, 2002
_____

IN RE SENAIDO REY,

Relator
_____

***ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Pending before this court is the petition of Senaido Rey for a writ of mandamus. Rey seeks such a writ against the "judge having jurisdiction over divorce suits in Potter County, Texas" and requests that we order that unnamed respondent to grant or dispose of his divorce. He further avers that he is entitled to such relief because the respondent has failed to act upon his petition for divorce, which petition was allegedly filed on August 28, 2001. We deny the application for the following reasons.

First, the application fails to identify the respondent as required by Rule 52.3(d)(2) of the Texas Rules of Appellate Procedure. Nor are we able to divine the identity of that court through deduction since there are several which have jurisdiction to adjudicate family matters. And, without knowing who the respondent is, we cannot direct it to act in any particular way.

Nor can we direct the lower court to grant Rey's petition for divorce, assuming we knew the identity of that court. While our authority encompasses the ability to direct a trial court to rule upon a matter, it does not include the power to tell it how to rule. *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App. – Tyler 1993, no pet.). Ordering the respondent to grant the divorce would be tantamount to directing it how to rule.

Third, the need to consider and rule upon a motion is not a discretionary act. *In re Bates*, No. 07-01-0199-CV, 2001 Tex. App. WL 513450, at \*1, ___ S.W.3d ___, ___ (Amarillo, May 15, 2001, no pet. h.); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.--San Antonio 1998, orig. proceeding). Rather, when the motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig. proceeding) (quoting *O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.--Tyler 1993, orig. proceeding). However, the court has a reasonable time within which to perform this duty. *Id.*; *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding).

Additionally, no bright-line demarcates the boundaries of a reasonable time period. *Bates*, 2001 WL 513450 at \*1, at ___. Its scope is dependent upon a myriad of factors, not the least of which is the trial court's actual knowledge of the motion or request, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id*. So too must the trial court's inherent power to control its own docket be factored into the mix. *See Ho v. University of Texas at Arlington*, 984 S. W.2d 672, 694-695 (Tex. App.--Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Finally, because

2

it is the burden of the party requesting mandamus relief to prove his entitlement to same, *Bate*s, 2001 WL 513450 at *1, at ___, Rey had the obligation to provide us with evidence of the foregoing indicia (or the like) against which we could test the reasonableness of the respondent's supposed delay.

Here, however, we have no evidence of the number of other cases, motions, or issues pending on the trial court's docket, the number of cases, motions, or issues which have pended on its docket longer than that at bar, the number of cases, motions, or issues pending on its docket that lawfully may be entitled to preferential settings, or the trial court's schedule. Without such evidence, any attempt to assess whether the unknown respondent unreasonably delayed in disposing of the divorce proceeding would be mere folly. Nor can we say that the mere passage of six months from the date on which the divorce was initiated evinces unreasonable delay as a matter of law. Again, a trial court has great discretion over its docket. And, while it cannot opt to unreasonably delay hearing an action, no litigant is entitled to a trial at whatever time he may choose.[1]

Accordingly, the petition for writ of mandamus is denied.

Per Curiam

Do not publish.

---

[1]Indeed, nothing of record illustrates that the person whom Rey seeks to divorce has been served with citation and suit as per the dictates of the Texas Rules of Civil Procedure or statute. At most, Rey merely asserts in his "original petition for divorce" that he "forward[ed]" a copy of the document to his purported wife. To the extent that Rey has not effectuated service upon his wife, the trial court has no personal jurisdiction over her to grant any divorce.

3