NO. 07-02-0344-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 21, 2002
_____

IN RE VANCE WALZIER,

Relator

_____

***ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pending before the court is the petition of Vance Walzier (Walzier) for a writ of mandamus.  He requests that we order the Hon. David L. Gleason, 47th Judicial District, Potter County, to rule upon his "Motion for Court to Provide Petitioner with a Free Copy of the Rulings on all Pre-trial Motions, all Witness Statements Filed in Cause No. 33,282, and a Transcription of the Plea Bargain Hearing."  Walzier asserts that he previously filed several like motions upon which Judge Gleason refused to act.  None of those motions accompany this petition for writ of mandamus.  Instead, we read the pending request to simply encompass his most recent motion.  And, while a copy of it accompanies the petition for mandamus relief, nothing before us illustrates when the document was filed with the Potter County District Clerk (the district clerk responsible for filings within the jurisdiction of the 47th Judicial District), whether that clerk received the document, and

whether and when the document (or its alleged predecessors) were brought to the attention of the trial court. We deny the application for the reasons which follow.

First, a trial court cannot be found to have abused its discretion until the complainant establishes that it 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig. proceeding); *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992). To the extent that Walzier complains of the trial court's failure to rule upon his alleged motion, application of the foregoing rule would necessarily require him to illustrate that the trial court was aware of the motions. Indeed, one can hardly be faulted for doing nothing if he were never aware of the need to act.

As previously mentioned, nothing appears of record illustrating when and if the district clerk received the motion in question. Nor does the record indicate Judge Gleason was notified of it or the need to act upon it. And, though Walzier states in the certificate of service attached to the motion that the latter was mailed to the judge, nothing indicates that it actually was received. Given this, neither can we say that the trial court breached its duty to act upon the motion nor issue a writ of mandamus directing the trial court to act.

Second, and assuming *arguendo* that the motion was filed and brought to the attention of Judge Gleason, the latter has a duty to consider and rule upon a motion.[1] *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.--Amarillo 2001, orig. proceeding); *In re*

---

[1]Filing something with the district clerk does not mean the trial court is aware of it. Nor is that clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig. proceeding). Thus, it is incumbent upon Walzier to prove that the trial court received notice. *Id.* Merely alleging that something was filed with the district clerk is not enough. *Id.*

*Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). Rather, when a motion is properly filed and brought to the court's attention, the act of considering and resolving it is ministerial. *In re Bates*, 65 S.W.2d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d 267 (Tex. App.–Tyler 1993, orig. proceeding). However, the trial court still has a reasonable time within which to act. *Id.* And, whether that period lapsed is dependent upon the circumstances of each case. *In re Bates*, 65 S.W.2d at 135. In other words, no bright-line demarcates the boundaries of a reasonable time period. *Id.* Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.2d at 135; *see Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694-695 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, no pet.), we must be wary of interfering with its exercise without legitimate basis.

Finally, the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same. *In re Bates*, 65 S.W.2d at 135; *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992). Thus, Walzier has the obligation to provide us with a record showing that a properly filed motion has awaited disposition for an unreasonable length of time.

3

According to the certificate of service attached to the motion underlying this petition for writ of mandamus, the motion was purportedly served upon the court on August 7, 2002. Assuming it was received on the very day of service, simple math would indicate that the trial court had a mere 12 days to act upon it. We cannot say that the passage of 12 days between the filing of a motion and a court acting upon it is inherently unreasonable.[2] Nor do we have before us evidence touching upon the indicia discussed in the preceding two paragraphs. In short, Walzier failed to carry his burden. He failed to provide us with sufficient data against which to test the reasonableness of the trial court's conduct, again assuming that the trial court actually had notice of the motion.

Accordingly, the petition for mandamus is denied without prejudice. We further direct the clerk of this court to deliver to Judge Gleason personally a copy of this opinion and our judgment herein.

Brian Quinn
Justice

Do not publish.

---

[2]We note Walzier's allegation that the trial court purportedly ignored like motions filed in 1995 and 1997. Yet, that is of no value here for several reasons. First, he does not seek to enforce those motions through the pending request for mandamus relief. Second, we have nothing before us indicating that those alleged motions were received by the trial court or otherwise brought to its attention. If they were not, then the trial court could hardly be criticized for not acting upon them. Nor could they and the supposed delay in acting upon them serve as evidence in determining the reasonableness of the trial court's action *viz* the most recently filed motion.