NO. 07-03-0048-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 24, 2003


______________________________



IN RE: JUAN GARCIA VILLARREAL, RELATOR




_________________________________



OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS 


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pending before this court is the application of Juan Garcia Villarreal (Villarreal) for
writ of mandamus. He requests that we order the Hon. Felix Klein, 154th Judicial District,
Lamb County, to rule upon his Application for Writ of Habeas Corpus. For the reasons
which follow, we deny the petition pending before us. 

 First, to the extent that Villarreal asks us to order the district court to grant the
application for writ of habeas corpus pending before it, we cannot. When a trial court has
yet to act on a matter, authority entitles us only to order the court to act; it does not allow
us to order it to make a particular decision. O'Donniley v. Golden, 860 S.W.2d 267, 269
(Tex. App.--Tyler 1993, orig. proceeding). Thus, we cannot direct the trial court to grant
Villarreal's petition for mandamus allegedly pending in the district court. 

 Second, rules of procedure obligate one seeking mandamus relief to accompany
his petition with an appendix. Tex. R. App. P. 52.3(j). The latter must include, among other
things, a certified or sworn copy of the document showing the matter complained of. In this
case, the document showing the matter complained of would be, at the very least, the
application for writ of habeas corpus he allegedly filed. However, no such document
accompanied the application for writ of mandamus, nor does it appear in the record before
us. Thus, Villarreal not only failed to comply with the rules of appellate procedure
regulating mandamus, but also denied us a record sufficient to enable us to assess his
complaints. 

 Third, nothing of record indicates that the motion was brought to the attention of the
district court. Simply put, before mandamus relief may issue, the petitioner must establish
that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked
to perform the act, and 3) failed or refused to do so. O'Connor v. First Court of Appeals,
837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo
2001, orig. proceeding). To the extent that Villarreal complains of the district court's failure
to rule upon his application for writ of habeas corpus, application of the foregoing rule
would require him to illustrate that the district court received and was aware of the
document. (2) This is so because a court cannot be faulted for doing nothing when it was not
aware of the need to act. Here, Villareal simply states that his "application for writ of
habeas corpus [was] mailed from [his prison] unit on August 10, 2002." To whom it was
sent, the address stated on the envelope, whether it was received by the district court, and
the date on which it was received (assuming it was received) goes unmentioned. Similarly
undeveloped is whether Villarreal did anything else to bring his application to the court's
attention. Lacking that information, we cannot simply assume that the district court knew
of its duty to act and neglected to perform it.

 Fourth, and assuming arguendo that the motion was brought to the attention of a
district court, the latter has a duty to consider and rule upon it. In re Bates, 65 S.W.3d 133,
134-35 (Tex. App.--Amarillo 2001, orig. proceeding); In re Ramirez, 994 S.W.2d 682, 683
(Tex. App.--San Antonio 1998, orig. proceeding). This is so because the act of
considering it is ministerial. In re Bates, 65 S.W.2d at 134-35; Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig. proceeding), quoting
O'Donniley v. Golden, 860 S.W.2d at 269-70. However, the court has a reasonable time
within which to act. Id. And, whether that period lapsed is dependent upon the
circumstances of each case. In re Bates, 65 S.W.2d at 135. In other words, no bright line
demarcates the boundaries of a reasonable time period. Id. Many indicia are influential,
not the least of which are the trial court's actual knowledge of the motion, its overt refusal
to act on same, the state of the court's docket, and the existence of other judicial and
administrative matters which must be addressed first. Id. So too must the trial court's
inherent power to control its own docket be included in the mix. In re Bates, 65 S.W.2d at
135; see Ho v. University of Texas at Arlington, 984 S.W.2d 672, 694-695 (Tex.
App.--Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control
its own docket). Since that power is discretionary, Hoggett v. Brown, 971 S.W.2d 472, 495
(Tex. App.--Houston [14th Dist.] 1997, no pet.), we must be wary of interfering with its
exercise without legitimate basis. And, since the party requesting mandamus relief has the
burden to provide us with a record sufficient to establish his right to same, In re Bates, 65
S.W.2d at 135; Walker v. Packer, 827 S.W.2d 833 (Tex. 1992), Villarreal had the obligation
to provide us with a record establishing that a properly filed application has awaited
disposition for an unreasonable length of time. 

 The record before us merely illustrates that Villarreal may have mailed his
Application for Writ of Habeas Corpus on or about August 10, 2002. Yet, no other
evidence purporting to touch upon the indicia discussed in the preceding paragraph
appears of record. And, because we do not hold that the district court's failure to act within
approximately five months upon an application for writ of habeas corpus which may never
have been received by it constitutes unreasonable delay per se, Villarreal failed to satisfy
his burden of proof. 

 That Villarreal may be acting pro se and be incarcerated matters not. He and those
in his position are obligated to abide by the pertinent rules of procedure. Holt v. F.F.
Enters., 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied). Accordingly, the
petition for writ of mandamus is denied. Furthermore, it is ordered that a copy of this
opinion be forwarded to the district court for the 154th Judicial District for Lamb County by
means which assure its receipt by the court.

 

 Brian Quinn 

 Justice 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Filing something with the district clerk does not mean the trial court is aware of it. Nor is that clerk's
knowledge imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig.
proceeding). Thus, it was incumbent upon Villarreal to prove that the trial court received notice. Id. Merely
alleging that something was filed with or mailed to the district clerk is not enough. Id.