NO. 07-04-0239-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 20, 2004
_____

IN RE: JUDY LAWRENCE, as trustee of the
A. M. & J., COLDWATER, and RED RIVER TRUSTS,

Relator
_____

***ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Pending before this court is the petition of Judy Lawrence, as trustee of the A. M. & J., Coldwater, and Red River Trusts for a writ of mandamus. She requests that we 1) issue an order requiring Ron Enns, district judge, 69th Judicial District, Dallam County, (trial court) to act upon her "Complaint for Emergency Preliminary Injunction, Permanent Injunction Relief, and ___ Damages ___" and other requests for emergency relief and 2) find "that [she] has a right to be treated respectfully by the Court, and therefore the Court has a moral duty of common courtesy to timely rule on filed paperwork." This relief is purportedly due her because "this case has been unreasonably delayed without explanation" and "some judges are openly hostile towards people who represent themselves, as demonstrated with the current case." For the reasons that follow, we deny the petition.

Irrespective of whether a litigant has an attorney or acts *pro se*, a trial court's obligation to consider and rule upon a motion is not a discretionary act. *Ex parte Bates*, 65 S.W.3d 133, 134 (Tex. App.–Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). Indeed, when a pleading or motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial and subject to mandamus relief. *Ex parte Bates*, 65 S.W.3d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding) (quoting *O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.–Tyler 1993, orig. proceeding). Nonetheless, the duty to act is not dependent upon a schedule set by the movant or parties for the trial court has a reasonable time within which to perform it. *Id.*; *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding).

Additionally, no bright-line demarcates the boundaries of a reasonable time period. *Bates*, 65 S.W.3d at 135. Its scope is dependent upon a myriad of factors, not the least of which is the trial court's actual knowledge of the motion or request, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be factored into the mix. *Id.*; *see Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694-95 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Finally, because it is the burden of the party requesting mandamus relief to prove his entitlement to same, *Bates*, 65 S.W.3d at 135, Lawrence had the obligation to provide us with evidence of the

2

foregoing indicia (or the like) against which we could test the reasonableness of the trial court's supposed delay.

Here, the appendix attached to the request for mandamus relief illustrates that Lawrence filed with the district clerk for Dallam County her "Complaint for Emergency Preliminary Injunction, Permanent Injunction Relief, and ___ Damages ___" on January 20, 2004. So too did she file with the same clerk, on February 17, 2004, and March 22, 2004, two documents entitled "Application for an Emergency Temporary Restraining Order in Affidavit Form."[1] And, according to her, none have been addressed by the trial court. Yet, nothing of record illustrates that the existence of the applications or complaint has been made known to the trial court. That the district clerk may be aware of them is not enough. Because we know of no rule that imputes that clerk's knowledge to the trial court, it is incumbent upon the relator to illustrate that the clerk informed the court of the matter or that the court otherwise obtained notice of it. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Lawrence has not done that.

Nor does the record before us contain evidence of the number of other cases, motions, or issues pending on the trial court's docket, the number of cases, motions, or issues which have pended on its docket longer than that at bar, the number of cases, motions, or issues pending on its docket that lawfully may be entitled to preferential settings, or the trial court's schedule. Without it, any attempt to assess whether the trial court unreasonably delayed in addressing the complaint and applications would be mere speculation, and we may not engage in that.

---

[1]The items appear in cause number 10178, styled Judy Lawrence, trustee of the A. M. & J., Coldwater, and Red River Trusts v. Eddie Stafford, *et al.*, 69th Judicial District Court.

In sum, Lawrence has not carried her burden entitling her to a writ of mandamus. This does not mean, however, that she is precluded from doing so in the future. Accordingly, the petition for writ of mandamus is denied, and the clerk of this court is ordered to forward a copy of this opinion to Lawrence and the trial court by a means which personally and timely acquaints each with its entry. Finally, Lawrence's "Motion for Temporary Relief and Stay of Proceedings" accompanying her application for mandamus relief is denied as moot.

Per Curiam