NO. 07-04-0273-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 31, 2004



______________________________




IN THE MATTER OF ROBERT BURNS MCCALL



_________________________________



FROM THE 251st DISTRICT COURT OF POTTER COUNTY;



NO. 90,595-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Robert B. McCall, appellant, an inmate proceeding pro se, appeals the trial court's
order dismissing his case for failure to comply with Chapter 14 of the Texas Civil Practice
and Remedies Code. We dismiss the appeal.

 The trial court clerk's record was filed with this court on June 11, 2004; by letter, that
same day, this court's clerk gave notice to appellant of the filing of the trial court clerk's
record. Pursuant to Texas Rule of Appellate Procedure 38.6(a), appellant's brief was due
July 12, 2004. By letter dated August 9, 2004, we notified appellant that the due date for
the brief had passed, that the brief had not been filed and no motion for extension of time
to file had been received by the court. Citing Texas Rule of Appellate Procedure 38.8, the
letter also notified appellant that the appeal would be subject to dismissal unless a
response reasonably explaining his failure to file a brief, together with a showing that the
appellee has not been significantly injured by the failure, was submitted by August 19,
2004. 

 Appellant has not filed a response to the court's August 9, 2004 letter, nor has he
since submitted a brief or a motion for extension of time. 

 Accordingly, having given all parties more than the required ten days' notice, we
dismiss the appeal for want of prosecution. Tex. R. App. P. 38.8(a)(1); 42.3(b).


 James T. Campbell

 Justice




the
petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig. proceeding); O'Connor v.
First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992). To the extent that Kizzee
complains of the district court's failure to rule upon his motion, application of the foregoing
rule would necessarily require him to illustrate that it was aware of the document. (2) The
court cannot be faulted for doing nothing if it was not aware of the need to act. 

 Fourth, and assuming arguendo that the motion is brought to the attention of a
district court, the latter has a duty to consider and rule upon it. In re Bates, 65 S.W.3d
133, 134-35 (Tex. App.--Amarillo 2001, orig. proceeding); In re Ramirez, 994 S.W.2d 682,
683 (Tex. App.--San Antonio 1998, orig. proceeding). This is so because the act of
considering it is ministerial. In re Bates, 65 S.W.2d at 134-35; Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig. proceeding), quoting
O'Donniley v. Golden, 860 S.W.2d 267 (Tex. App.--Tyler 1993, orig. proceeding). 
However, the court has a reasonable time within which to act. Id. And, whether that period
lapsed is dependent upon the circumstances of each case. In re Bates, 65 S.W.2d at 135. 
In other words, no bright-line demarcates the boundaries of a reasonable time period. Id. 
Many indicia are influential, not the least of which are the trial court's actual knowledge of
the motion, its overt refusal to act on same, the state of the court's docket, and the
existence of other judicial and administrative matters which must be addressed first. Id. 
So too must the trial court's inherent power to control its own docket be included in the mix. 
In re Bates, 65 S.W.2d at 135; see Ho v. University of Texas at Arlington, 984 S.W.2d 672,
694-695 (Tex. App.--Amarillo 1998, pet. denied) (holding that a court has the inherent
authority to control its own docket). Since that power is discretionary, Hoggett v. Brown,
971 S.W.2d 472, 495 (Tex. App.--Houston [14th Dist.] 1997, no pet.), we must be wary of
interfering with its exercise without legitimate basis. And, since the party requesting
mandamus relief has the burden to provide us with a record sufficient to establish his right
to same, In re Bates, 65 S.W.2d at 135; Walker v. Packer, 827 S.W.2d 833 (Tex. 1992),
Kizzee had the obligation to provide us with a record establishing that a properly filed
motion has awaited disposition for an unreasonable length of time.

 The record before us merely illustrates that Kizzee may have filed his "Motion to
Release Evidence" on or about October 17, 2002, that is, a bit more than a month ago. 
Yet, no other evidence purporting to touch upon the indicia discussed in the preceding
paragraph appears of record. And, because we do not hold that the district court's failure
to act within a month upon a motion being filed per se constitutes unreasonable delay,
Kizzee failed to satisfy his burden of proof.

 Accordingly, the petition for writ of mandamus is denied.


 Brian Quinn 

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. Filing something with the district clerk does not mean the trial court is aware of it. Nor is that clerk's
knowledge imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig.
proceeding). Thus, it was incumbent upon Kizzee to prove that the trial court received notice. Id. Merely
alleging that something was filed with the district clerk is not enough. Id.