NO. 07-03-0142-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 3, 2004



______________________________




MINERAL EXCHANGE, LTD., APPELLANT



V.



TEXACO INC., ET AL., APPELLEES




_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 31976; HONORABLE LEE WATERS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pending before this Court is an agreed motion filed by appellants/conditional
appellees Mineral Exchange, Ltd., Kaari Oil Company, and Bourland and Leverich Oil and
Gas, Ltd. and appellees/conditional appellants Texaco Exploration and Production, Inc.
and Pioneer Natural Resources USA, Inc. by which they request this appeal be dismissed
with prejudice and that each party bear its own costs and fees. Without passing on the
merits of the appeal, the motion is granted. Having dismissed the appeal at the request
of all parties, no motion for rehearing will be entertained and our mandate will issue
forthwith.

 Accordingly, the appeal is dismissed with prejudice. See Tex. R. App. P.
42.1(a)(2)(A).

 Don H. Reavis

 Justice









ied of it or the need to act upon it. And, though Walzier states in the certificate
of service attached to the motion that the latter was mailed to the judge, nothing indicates
that it actually was received. Given this, neither can we say that the trial court breached
its duty to act upon the motion nor issue a writ of mandamus directing the trial court to act.

 Second, and assuming arguendo that the motion was filed and brought to the
attention of Judge Gleason, the latter has a duty to consider and rule upon a motion. (1) In
re Bates, 65 S.W.3d 133, 134-35 (Tex. App.--Amarillo 2001, orig. proceeding); In re
Ramirez, 994 S.W.2d 682, 683 (Tex. App.-San Antonio 1998, orig. proceeding). Rather,
when a motion is properly filed and brought to the court's attention, the act of considering
and resolving it is ministerial. In re Bates, 65 S.W.2d at 134-35; Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.-San Antonio 1997, orig. proceeding), quoting
O'Donniley v. Golden, 860 S.W.2d 267 (Tex. App.-Tyler 1993, orig. proceeding). 
However, the trial court still has a reasonable time within which to act. Id. And, whether
that period lapsed is dependent upon the circumstances of each case. In re Bates, 65
S.W.2d at 135. In other words, no bright-line demarcates the boundaries of a reasonable
time period. Id. Many indicia are influential, not the least of which are the trial court's
actual knowledge of the motion, its overt refusal to act on same, the state of the court's
docket, and the existence of other judicial and administrative matters which must be
addressed first. Id. So too must the trial court's inherent power to control its own docket
be included in the mix. In re Bates, 65 S.W.2d at 135; see Ho v. University of Texas at
Arlington, 984 S.W.2d 672, 694-695 (Tex. App.-Amarillo 1998, pet. denied) (holding that
a court has the inherent authority to control its own docket). Since that power is
discretionary, Hoggett v. Brown, 971 S.W.2d 472, 495 (Tex. App.-Houston [14th Dist.]
1997, no pet.), we must be wary of interfering with its exercise without legitimate basis. 
 Finally, the party requesting mandamus relief has the burden to provide us with a
record sufficient to establish his right to same. In re Bates, 65 S.W.2d at 135; Walker v.
Packer, 827 S.W.2d 833 (Tex. 1992). Thus, Walzier has the obligation to provide us with
a record showing that a properly filed motion has awaited disposition for an unreasonable
length of time.

 According to the certificate of service attached to the motion underlying this petition
for writ of mandamus, the motion was purportedly served upon the court on August 7,
2002. Assuming it was received on the very day of service, simple math would indicate
that the trial court had a mere 12 days to act upon it. We cannot say that the passage of
12 days between the filing of a motion and a court acting upon it is inherently
unreasonable. (2) Nor do we have before us evidence touching upon the indicia discussed
in the preceding two paragraphs. In short, Walzier failed to carry his burden. He failed
to provide us with sufficient data against which to test the reasonableness of the trial
court's conduct, again assuming that the trial court actually had notice of the motion. 

 Accordingly, the petition for mandamus is denied without prejudice. We further
direct the clerk of this court to deliver to Judge Gleason personally a copy of this opinion
and our judgment herein.


 Brian Quinn

 Justice


Do not publish.




1. Filing something with the district clerk does not mean the trial court is aware of it. Nor is that clerk's
knowledge imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig.
proceeding). Thus, it is incumbent upon Walzier to prove that the trial court received notice. Id. Merely
alleging that something was filed with the district clerk is not enough. Id.
2. We note Walzier's allegation that the trial court purportedly ignored like motions filed in 1995 and
1997. Yet, that is of no value here for several reasons. First, he does not seek to enforce those motions
through the pending request for mandamus relief. Second, we have nothing before us indicating that those
alleged motions were received by the trial court or otherwise brought to its attention. If they were not, then
the trial court could hardly be criticized for not acting upon them. Nor could they and the supposed delay
in acting upon them serve as evidence in determining the reasonableness of the trial court's action viz the
most recently filed motion.