NO. 07-05-0028-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 1, 2005

_____

IN RE: MICHAEL ANTHONY TAYLOR,

Relator

_____

***Memorandum Opinion***

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Pending before this court is the application of Michael Anthony Taylor (Taylor) for writ of mandamus. He requests that we enter "an order enjoining the judge of the 69th District Court of Dallam County to hear and rule on [his] Motion for Order Nunc Pro Tunc." According to Taylor, the 69th District Court of Dallam County entered judgment sentencing him to time in prison. Furthermore, the judgment purportedly reflects the incorrect "jail time credit" to which he is entitled. So, Taylor allegedly filed the motion for an order nunc pro tunc to correct the mistake. However, the trial court has yet to act upon it. For the reasons which follow, we deny the petition pending before us.

First, to the extent that Taylor asks us to order the district court to grant the motion for order nunc pro tunc pending before it, we cannot. When a trial court has yet to act on a matter, authority entitles us only to order the court to act; it does not allow us to order it

to make a particular decision. *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.–Tyler 1993, orig. proceeding). Thus, we cannot direct the trial court to grant the motion Taylor allegedly filed.

Second, the rules of appellate procedure obligate one seeking mandamus relief to accompany his petition with an appendix. Tex. R. App. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter of which the relator complains. In this case, the document showing the matter complained of would be, at the very least, the motion for order nunc pro tunc Taylor allegedly filed. However, we have neither the motion nor an appendix before us. Thus, Taylor not only failed to comply with the rules of appellate procedure regulating mandamus, but also denied us a record sufficient to enable us to assess his complaints.

Third, nothing of record indicates when the motion was filed and whether the trial court was aware of it. Before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 ( Tex. App.–Amarillo 2001, orig. proceeding). To the extent that Taylor complains of the district court's failure to rule upon his motion, application of the foregoing rule would logically require him to illustrate that the district court received and was aware of the document.[1] This is so because a court cannot be faulted for doing nothing when it was not aware of the need to act. Yet, in effort

---

[1]Filing something with the district clerk does not mean the trial court is aware of it. Nor is that clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Thus, it was incumbent upon Taylor to prove that the trial court received notice. *Id*. Merely alleging that something was filed with or mailed to the district clerk is not enough. *Id*.

to satisfy this burden here, Taylor simply stated that he "filed a motion for order nunc pro tunc in the 69th District Court." However, he says nothing about whether the trial court has knowledge of the motion or whether it was brought to its attention. Nor does he state whether he actually filed the motion with the court clerk, the court administrator, the judge himself, or someone else. Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it.

Fourth, and assuming *arguendo* that the motion was brought to the attention of the district court, the latter had and has a duty to consider and rule upon it. *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). This is so because the act of considering it is ministerial. *In re Bates*, 65 S.W.2d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding), quoting *O'Donniley v. Golden*, 860 S.W.2d at 269-70. However, it also has a reasonable time within which to perform this duty. *Id*. And, whether that period lapsed depends upon the circumstances of each case. *In re Bates*, 65 S.W.2d at 135. In other words, no bright line demarcates the boundaries of a reasonable time period. *Id.* Many indicia are influential, not the least of which are the date upon which the relief was sought, the length of time which has since lapsed, the trial court's knowledge of the matter, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.2d at 135; *see Ho v. University of Texas at Arlington*, 984 S. W.2d 672, 694-695 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since

3

that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, no pet.), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *In re Bates*, 65 S.W.2d at 135; *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992), Taylor had the obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time. Yet, the record before us merely illustrates that Taylor may have filed some motion on some unknown date. Nothing before us directly addresses the indicia discussed above. Thus, Taylor failed to satisfy his burden of proof.

That Taylor may be acting *pro se* and be incarcerated matters not. He and those in his position are obligated to abide by the rules of procedure. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied). Accordingly, the petition for writ of mandamus is denied. Furthermore, it is ordered that a copy of this opinion, and relator's application for writ, be forwarded to the district court for the 69th Judicial District for Dallam County by means which assure its receipt by the judge of said court.


Brian Quinn
Justice


4