NO. 07-07-0455-CV

                                             IN THE COURT OF APPEALS

                                   FOR THE SEVENTH DISTRICT OF TEXAS

                                                          AT AMARILLO

                                                              PANEL C

                                                    NOVEMBER 14, 2007
                                        ______________________________

                                                In re BRIAN J. WINTERS, 
 
Relator
                                        _______________________________
 
                               On Original Proceeding for Writ of Mandamus
                                      ________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Pending before this court is the application of Brian J. Winters for a writ of
mandamus. Through it, he requests that we “issue mandamus requiring the trial court
to give credit for all time spent in jail prior to sentencing.” The motion wherein Winters
requests the trial court to credit him with jail time appears to have been filed on
September 11, 2007, and is entitled “Motion for Judgment Nunc Pro Tunc.” We deny
the application for the reasons which follow. 
          First, nothing of record indicates that the motion purportedly filed below was
brought to the attention of the district court. Simply put, before mandamus relief may
issue, the petitioner must establish that the district court 1) had a legal duty to perform a
non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. 
O’Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62
S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is
incumbent upon Smith to illustrate that the district court received and was aware of his
motion.


 This is so because a court cannot be faulted for doing nothing when it is or
was unaware of the need to act. Here, the record simply indicates that Winters’ motion
was filed with the Potter County district clerk. Whether the trial court was ever made
aware of it is unknown. Lacking that information, we cannot simply assume that the
district court knew of its duty to act and neglected to perform it. Thus, Winters has not
fulfilled his burden of illustrating that the trial court refused to act.
          Second, and assuming arguendo that a pleading is brought to the attention of a
district court, we note that the trial court has a duty to consider and act upon it. In re
Bates, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding); In re
Ramirez, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). This is
so because the task of considering it is ministerial. In re Bates, 65 S.W.3d at 134-35;
Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig.
proceeding), quoting O’Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex. App.–Tyler
1993, orig. proceeding). However, the court also has a reasonable time within which to
act. In re Bates, 65 S.W.3d at 135. And, whether that period lapsed is dependent upon
the circumstances of each case. Id. In other words, no bright line demarcates the
boundaries of a reasonable time period. Id. Many indicia are influential, not the least of
which are the trial court’s actual knowledge of the motion, its overt refusal to act on
same, the state of the court’s docket, and the existence of other judicial and
administrative matters which must be addressed first. Id. So too must the trial court’s
inherent power to control its own docket be included in the mix. In re Bates, 65 S.W.3d
at 135; see Ho v. University of Texas at Arlington, 984 S.W.2d 672, 694-695 (Tex.
App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to
control its own docket). Since that power is discretionary, Hoggett v. Brown, 971
S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, pet. denied), we must be wary
of interfering with its exercise without legitimate basis. And, since the party requesting
mandamus relief has the burden to provide us with a record sufficient to establish his
right to same, Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); In re Bates, 65
S.W.3d at 135, Winters had the obligation to provide us with a record establishing that a
properly filed motion has awaited disposition for an unreasonable length of time. He
has not done that. 
          The record before us merely illustrates that Winters purportedly filed his motion
with the Potter County district clerk on September 11, 2007. In it, he stated that unless
the trial court acts upon it within 30 days it will be deemed denied. Yet, no evidence
purporting to touch upon the indicia discussed in the preceding paragraph appears of
record. And, because we do not hold that the district court’s failure to act upon a motion
about which it may have no knowledge constitutes unreasonable delay per se, Winters
again has not satisfied his burden of proof. Nor do we hold that the trial court’s failure to
act within a 30-day period arbitrarily selected by the petitioner ipso facto evinces
unreasonable delay, even if the trial court knew of the motion. Deadlines are
established by rule, statute, and the judicial discretion of the judge, not the whims of
litigants. 
          Accordingly, the application for writ of mandamus pending before this court is
denied.
                                                                           Brian Quinn 
                                                                          Chief Justice