NO. 07-07-0455-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 14, 2007
_____

In re BRIAN J. WINTERS,

Relator
_____

**On Original Proceeding for Writ of Mandamus**
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before this court is the application of Brian J. Winters for a writ of mandamus. Through it, he requests that we "issue mandamus requiring the trial court to give credit for all time spent in jail prior to sentencing." The motion wherein Winters requests the trial court to credit him with jail time appears to have been filed on September 11, 2007, and is entitled "Motion for Judgment Nunc Pro Tunc." We deny the application for the reasons which follow.

First, nothing of record indicates that the motion purportedly filed below was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62

S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is incumbent upon Smith to illustrate that the district court received and was aware of his motion.[1] This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. Here, the record simply indicates that Winters' motion was filed with the Potter County district clerk. Whether the trial court was ever made aware of it is unknown. Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it. Thus, Winters has not fulfilled his burden of illustrating that the trial court refused to act.

Second, and assuming *arguendo* that a pleading is brought to the attention of a district court, we note that the trial court has a duty to consider and act upon it. *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). This is so because the task of considering it is ministerial. *In re Bates*, 65 S.W.3d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.–Tyler 1993, orig. proceeding). However, the court also has a reasonable time within which to act. *In re Bates,* 65 S.W.3d at 135. And, whether that period lapsed is dependent upon the circumstances of each case. *Id.* In other words, no bright line demarcates the boundaries of a reasonable time period. *Id*. Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on

---

[1]Filing something with the district clerk does not mean the trial court knows of it. Nor is that clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Thus, Winters must prove that the trial court received notice of the pleading. *Id.* Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement. *Id.*

same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.3d at 135; *see Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 694-695 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Bates,* 65 S.W.3d at 135, Winters had the obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time. He has not done that.

The record before us merely illustrates that Winters purportedly filed his motion with the Potter County district clerk on September 11, 2007. In it, he stated that unless the trial court acts upon it within 30 days it will be deemed denied. Yet, no evidence purporting to touch upon the indicia discussed in the preceding paragraph appears of record. And, because we do not hold that the district court's failure to act upon a motion about which it may have no knowledge constitutes unreasonable delay *per se*, Winters again has not satisfied his burden of proof. Nor do we hold that the trial court's failure to act within a 30-day period arbitrarily selected by the petitioner *ipso facto* evinces unreasonable delay, even if the trial court knew of the motion. Deadlines are

3

established by rule, statute, and the judicial discretion of the judge, not the whims of litigants.

Accordingly, the application for writ of mandamus pending before this court is denied.

Brian Quinn
Chief Justice