Karen Tyner O'DONNILEY, Relator,

v.

Honorable Joe Bob GOLDEN, Judge of the First Judicial District Court, Respondent.

No. 12–93–00005–CV.

Court of Appeals of Texas, Tyler.

Aug. 26, 1993.

Don O'Donniley, Barnhart, MO, for relator.

Joe Bob Golden, District Judge, pro se.

William Harrison Tyner, pro se.

## ORIGINAL PROCEEDING

PER CURIAM.

By this original mandamus proceeding filed on January 13, 1993, Relator seeks to compel Respondent to rule on her Motion for Appointment as Substitute Personal Representative ("Motion for Appointment") filed in cause number 9535 of the First Judicial District Court of Sabine County, Texas. According to the record before us, William Burnis Tyner died testate on June 15, 1986. His widow, Tommie Earle Lock Tyner, acted as the estate's independent executrix until her death in June of 1992. Upon her death, her life estate ceased and the remainder vested in the testator's two surviving children from a previous marriage, Relator and her brother William Harrison Tyner.

According to Relator, at the time of Mrs. Tyner's death, an Inventory and Claims had been filed, but two or more claims remained outstanding, no accounting had been rendered, no distribution had been made, and causes of action on behalf of the testator's estate could not be pursued for lack of a personal representative. On July 6, 1992, Relator filed a Motion for Appointment as Personal Representative. Relator's brother,

William, submitted a waiver stating that due to recent surgery, he was not able to serve as personal representative; he further stated therein that he desired that his sister be appointed as personal representative.

On July 24, 1992, the court conducted an evidentiary hearing on the motion and admitted William's waiver. Relator alleges that at the hearing, she established the need for administration of the estate under TEX.PROBATE CODE § 178, and that she was unquestionably qualified to serve. The court, however, did not rule but took the matter under advisement. Thereafter, at docket call on August 28, 1992, the court set the estate for final hearing and distribution on November 9, 1992. In September of 1992, Relator filed a First Amended Motion for Appointment and a proposed order. On October 12, 1992, Relator filed an objection to final distribution alleging that she had demonstrated the need for further administration on the basis that two outstanding claims of the estate remained. Additional motions were also filed but not disposed of by the trial court.

On November 18, 1992, Relator sought mandamus relief in this Court in cause number 12–92–00340–CV; however, we overruled the motion for leave to file because Respondent stated in his response that **"it is undisputed that Relator is qualified to serve as personal representative and will be so appointed if and when the matter is allowed to come before the Court"** (emphasis added).

Following disposition of her mandamus proceeding, on December 7, 1992, Relator filed a Motion to Set Hearing to Appoint Substitute Personal Representative; however, contrary to Respondent's earlier representations, he failed to appoint Relator or rule on her Motion For Appointment. Consequently, on January 13, 1993, Relator filed this mandamus action seeking relief from Respondent's refusal to rule on her Motion for Appointment.

■ Mandamus is an extraordinary remedy, and it will lie only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 841 (Tex.1992, orig. proceeding); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). We will first determine whether Respondent has violated a duty imposed by law or committed a clear abuse of discretion.

■ "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992) (orig. proceeding), *citing Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157 (Tex. 1992). Here, Relator has sought further administration of the estate under Section 178 of the TEX.PROBATE CODE ANN. (Vernon 1980). That section provides in relevant part:

> (b) LETTERS OF ADMINISTRATION. When a person shall die intestate, ... or where the executor is dead ... then administration of the estate of such intestate, or administration with the will annexed of the estate of such testator, **shall be granted should administration appear to be necessary.** No administration of any estate shall be granted unless there exists a necessity therefor, such necessity to be determined by the court hearing the application. Such necessity shall be deemed to exist if two or more debts exist against the estate, or if or when it is desired to have the county court partition the estate among the distributees, but mention of these two instances of necessity for administration shall not prevent the court from finding other instances of necessity upon proof before it.[1]

The duty of a court to determine whether further administration is necessary is implicit within Section 178. While it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this Court is empowered to order a trial judge to exercise his discretion in some manner. *See Greenberg, Benson, Fisk and Fielder, P.C. v. Howell*, 685 S.W.2d 694, 695 (Tex.App.—Dallas, 1984) (orig. proceeding),

---

1. Subsection (a) imposes a mandatory duty upon the court to grant letters testamentary within 20 days after a will has been probated.

*and cases cited therein; Also see* TEX.GOV'T. CODE ANN. § 22.002(b) (Vernon 1988)[2]. In *Kissam v. State,* 545 S.W.2d 265 (Tex.Civ. App.—Tyler 1976), this Court considered facts similar to those in the instant case. In *Kissam,* the Respondent, a county judge, failed to rule on a petition to call an election to incorporate a town. Although the Respondent heard the petition and took it under advisement, he had failed to rule on the petition more than one year after the hearing. Noting that an appellate court had the authority to issue a writ of mandamus when there had been a failure to act within a reasonable time, the *Kissam* court issued the writ. *Id.* at 267. In so doing, the court stated that Respondent "must rule in order that the relators may either accept his ruling or attack it." *Id.*

Like *Kissam,* in the instant case, Respondent has had Relator's motion for appointment under advisement for more than 13 months, and he has filed no response to this mandamus proceeding setting forth legal grounds to justify his delay in making a ruling. Moreover, in response to Relator's mandamus proceeding number 12–92–00340–CV, filed in November of 1992, Respondent acknowledged that he was ready and willing to rule in favor of Relator following disposition of that mandamus proceeding. Despite his representation, he has ignored Relator's attempts over the last nine months to obtain a ruling on her Motion for Appointment. This failure to rule demonstrates a failure on the part of Respondent to perform his duty to rule on the Motion for Appointment within a reasonable time. *Id.*

▆▆ Having found a violation of his duty to rule, we must now determine whether Relator had an adequate remedy at law.

Mandamus has historically been authorized to compel a trial judge to go to trial. *Fulton v. Finch,* 162 Tex. 182, 346 S.W.2d 823 (1961); see *Kissam,* 545 S.W.2d 265 and *Howell,* 685 S.W.2d 694, *cited above.* In the instant case as in those cited herein, Relator cannot seek an appeal because Respondent has not yet entered an order. Furthermore, once entered, any such order would be interlocutory in nature. Moreover, we can see no alternative means of circumventing the trial court's stalemate, since as Relator points out, she has no authority to represent her father's estate without letters of administration. Thus, under the facts of the instant case, we find no adequate remedy at law available to Relator. Accordingly, we grant Relator's petition for writ of mandamus requesting that we order the trial court to rule on her Motion for Appointment. We, however, decline Relator's invitation to issue a writ of mandamus requiring Respondent to enter an order appointing her as personal representative as such a decision lies within the discretion of the trial court and is outside the scope of our mandamus powers. *Howell,* 685 S.W.2d at 695.

Respondent is ordered to rule on Relator's Motion for Appointment of Personal Representative on or before Tuesday, September 7, 1993. All further proceedings in the cause below are stayed pending compliance with this Court's writ of mandamus.

*Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985).

---

**2.** Courts of appeals have concurrent mandamus jurisdiction with the Supreme Court over district and county court judges. *Johnson v. Fourth*