07-01-0264-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 9, 2001

______________________________

In Re: TOMMY DOMINGUEZ,

Relator

_________________________________

ORIGINAL PROCEEDING

_______________________________

Before QUINN, REAVIS, and JOHNSON, JJ.

Pending before the court is the application of Tommy Dominguez for a writ of mandamus.  Therein, he requests that we order the Honorable William D. Smith, district judge of the 84th Judicial District, to “issue an Order directing the Hutchinson [sic] County District Clerk to provide [him] with copies of relevant documents as mandated under the Texas Code of Criminal Procedure, Article 11.07, Section 7.”  The district clerk is purportedly obligated to forward him these “documents” because he filed a petition for habeas corpus pursuant to art. 11.07 of the same code.  For the reasons which follow, we deny the petition before us.

First, Dominguez argues that the district court abused its discretion when it failed to act upon his motion to compel the district clerk to comply with art. 11.07, §7.  However, before it can be said that such an abuse occurred, 
the relator must show that he formally requested the court to act in a particular manner.  
In re Bates
, No. 07-01-0199-CV, 2001 WL 513450 (Tex.App.–Amarillo May 15, 2001).  There is no motion attached to the petition before us illustrating that this step has been completed.  Instead, we find a letter, addressed to Judge Smith and dated May 22, 2001, wherein Dominguez merely “
request[s]
 . . . copies of papers on file in these proceedings . . . .”  (Emphasis added).

Second, assuming 
arguendo
 that the May 22nd letter was actually sent to and received by Judge Smith and can be considered as a formal motion, we note the absence of all reference to a request for an order directing the district clerk to forward the documents sought.  Rather, Dominguez merely asked the 
trial court
 for copies of the records, and, under art. 11.07, §7, the duty, if any, to provide same rests with the district clerk, not the court.  
See 
Tex. Code Crim. Proc. Ann
.
 art. 11.07, §7 (Vernon Supp. 2001) (stating that the “clerk” shall mail or deliver the documents in question to the habeas applicant).  So again, we have nothing before us illustrating that the trial court was requested and failed to do that which lies at the heart of his current petition, 
i.e.
 direct the district clerk to perform a particular act.

Third, as illustrated by his prayer, Dominguez asks that we direct the trial court to rule upon his supposed motion in a particular way.  Under circumstances such as this, however, authority empowers us to direct the court to act; it does not permit us to tell the court how to act. 
O’Donniley v. Golden
, 860 S.W.2d 267, 269 (Tex.App.–Tyler 1993, no pet.) (citations omitted).

Accordingly, for the reasons stated above, we deny the petition for writ of mandamus.

Brian Quinn

Do not publish.    Justice