NO. 07-01-0376-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 20, 2001
_____

IN RE CEDRIC JONES,

Relator

_____

***ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pending before the court is the petition of Cedric Jones for a writ of mandamus. Jones requests that we order the Hon. Patrick Pirtle, 251st Judicial District, Potter County, to rule upon and grant his pending motions for summary judgment and preliminary injunction. We deny the application for the reasons which follow.

First, under circumstances wherein a matter pends before a trial court, authority empowers us to direct the court to act; it does not permit us to tell the court how to act. *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.–Tyler 1993, no pet.). Thus, we cannot award the relief sought by Jones and order the trial court to grant him a summary judgment or preliminary injunction.

Second, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix.[1] TEX. R. APP. PROC. 52.3(j). The latter must include, among other things, a "certified or sworn copy of . . . [the] document showing the matter complained of." In this case, the document showing the matter complained of would be the motions for summary judgment and preliminary injunction allegedly filed with the court. Neither, however, were provided to us via appendix or otherwise. Thus, Jones has failed to comply with the rules applicable to obtaining mandamus relief.

Third, a trial court cannot be found to have abused its discretion until the complainant establishes that it 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992). To the extent that Jones complains of the trial court's failure to rule upon his alleged motions, application of the foregoing rule would necessarily require him to illustrate that the trial court was aware of the motions. Indeed, one can hardly be faulted for doing nothing if he were never aware of the need to act.

Here, nothing appears of record illustrating that the trial court was afforded or had notice of the motions. Nor does anything appear of record which would allow one to reasonably infer that such notice was given or knowledge was had. Moreover, if the motions were filed with the district clerk, as opposed to the court itself, *see* TEX. R. CIV. PROC. 74 (stating that pleadings shall be filed with the clerk of the court or with the court itself if permitted by the court), we know of no rule which imputes the clerk's knowledge to

---

[1]That Jones acts in a *pro se* capacity does not relieve him from complying with the rules of appellate procedure. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

2

the trial court.[2] Thus, it would be incumbent upon appellant to illustrate that the clerk informed the trial court of the motion or that the trial court otherwise obtained knowledge of it.  So, merely because something was filed is insufficient basis from which to reasonably infer that the trial court had notice of it or was aware of the need to act upon it.  And, because the state of the record prevents us from holding that the trial court was aware of the motions, we cannot say that the court abused its discretion in allegedly failing to act on them.

For the reasons stated above, we deny the petition for mandamus without prejudice. We further direct the clerk of this court to personally deliver to Judge Pirtle a copy of this opinion and the court's ensuing judgment on even date.

Brian Quinn
Justice

Do not publish.

---

[2]The record before us does not show whether the motions were filed with either the clerk or court.

3