NO. 07-02-0328-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 2, 2002
_____

In re LEON TASBY, Relator

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 87,913; HON. EBELARDO LOPEZ, PRESIDING
_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

Pending before this court is the petition of Leon Tasby for writ of mandamus. The complaints mentioned therein are somewhat vague. Thus, we construe the document in a liberal manner. And, in so construing it we see that he wants us to order the Hon. Ebelardo Lopez, judge of the 108th Judicial District (district court), to grant a petition for mandamus allegedly pending before it and ordering the district clerk to forward to him (Tasby) copies of documents purportedly contained in the record of Cause No. 87,913-00-E pending before the district court. He may also want us to order 1) the district clerk to forward those items to him and 2) the trial court to set a hearing to determine whether default judgments should be entered against various defendants in Cause No. 87,913-00-E. For the reasons which follow, we deny the petition pending before us.

First, to the extent that Tasby asks us to order the district court to grant the petition for mandamus pending before it, we cannot. When a trial court has yet to act on a matter, authority entitles us only to order the court to act; it does not allow us to order it to make a particular decision. *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.--Tyler 1993, no pet). Thus, we cannot direct the trial court to grant Tasby's petition for mandamus allegedly pending in the district court.

Second, a trial court cannot be found to have abused its discretion until the complainant establishes that it 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992). To the extent that Tasby complains of the trial court's failure to provide him a copy of the documents at issue, application of the foregoing rule would necessarily require him to illustrate that the trial court was aware of his request for and refused same. This he did not do.

Third, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a "certified or sworn copy of . . . [the] document showing the matter complained of." In this case, the documents showing the matters complained of would at the very least be the alleged petition for mandamus filed with the district court against the district clerk. However, it was not filed with the petition, nor does it appear in the record, before us. Thus, Tasby not only failed to comply with the rules of appellate procedure regulating mandamus but also denied us a record sufficient to enable us to assess his complaints.

2

Fourth, to the extent that Tasby wants us to order the district clerk to release to him the documents he wants, we may not do so. An intermediate appellate court has jurisdiction to issue writs of mandamus against a district clerk only when necessary to enforce its jurisdiction over a pending appeal. *In re Washington*, 7 S.W.3d 181,182 (Tex. App.--Houston [1st. Dist.] 1999, orig. proc.). At bar, however, we have no pending appeal involving Tasby; at least, he does not allege that such an appeal exists. Nor is it argued that our directing the district clerk to provide him with a copy of the documents in question would be for the purpose to enforce our jurisdiction over any appeal pending before us. Thus, we have no jurisdiction over the request.

Fifth, to the extent that Tasby wants us to order the district court "to set a Jury Trial date to determine the Default Judgment awards in" cause number 87,913-00-E, we again note the absence of evidence indicating that such relief was initially sought from and denied by that court. As previously mentioned, one asking for mandamus relief must first show that the trial court was asked to do something and that it refused the request. *O'Connor v. First Court of Appeals*, *supra*. Since the record does not illustrate that Tasby filed a motion for entry of a default judgment or requested the district court to schedule a hearing to determine whether such judgments should be entered, we cannot say that any abuse of discretion has occurred which warrants our intervention.

Accordingly, the petition for writ of mandamus is denied.

Brian Quinn
Justice

Do not publish.

3