NO. 07-06-0427-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 6, 2006
_____

IN RE MICHAEL LOU GARRETT, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Relator, Michael Lou Garrett, has filed a Petition for Writ of Mandamus with this court seeking this court to order the Honorable John Board to "immediately perform his legal duty of providing consideration, decision and ruling in the matter of 'Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction' . . . ." The motion, which was allegedly "filed" on September 19, 2006, requests the trial court restrain prison officials from "depriving plaintiff of indigent supplies needed and necessary for processing this lawsuit to trial . . . ." Garrett contends that he is entitled to relief because the trial court has "refused to act" on his motion. We deny the petition.

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler 1993,

orig. proceeding).  However, the trial court is afforded a reasonable time in which to perform this ministerial duty.  Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding).  Whether the trial court has failed to act within a reasonable time is dependent upon the circumstances of the case.  Id.  To establish entitlement to mandamus relief, the relator must establish that the trial court had a legal duty to perform a non-discretionary act, relator made demand for performance, and the court refused to perform.  Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).

Further, the party seeking mandamus relief has the burden to provide a record sufficient to establish his entitlement to such relief.  Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992).  The relator in a mandamus proceeding must file, with his petition, a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(j)(1)(A), 52.7(a)(1). Thus, Garrett must provide a record showing that he properly filed his motion for temporary restraining order and preliminary injunction, made demand on the trial court to rule on the motion, and the trial court's refusal.

Attached to Garrett's petition are typed documents which purportedly duplicate documents contained in the file for the underlying litigation.  However, this "record" is not certified or sworn.  Consequently, Garrett has failed to meet his burden of providing a record sufficient to establish his entitlement to mandamus relief.  Walker, 827 S.W.2d at 837.

2

Accordingly, we deny the petition for mandamus.


Mackey K. Hancock
Justice