NO. 07-07-0490-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 19, 2007
______________________________
 
IN RE: DAVID MATTHEW LAYTON, RELATOR
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON PETITION FOR WRIT OF MANDAMUS
          Relator, David Matthew Layton, has filed a Petition for Writ of Mandamus with this
court requesting that we “intervene and prevent the respondent’s [the Honorable Hal Miner]
non-compliance to (sic) the Texas Rules of Civil Procedure 202.1(b); 202.3 and 202.4(a)(2)
. . . .” The petition complains of respondent’s prior denial of Layton’s motion to take the
deposition of his criminal trial counsel to investigate a potential claim of legal malpractice
relating to that representation. Layton previously appealed the trial court’s ruling on this
matter, but this court dismissed the appeal for want of jurisdiction. See Layton v. Clark,
No. 07-06-0175-CV, 2007 Tex.App. LEXIS 1632 (Tex.App.–Amarillo March 5, 2007, no
pet.). We deny the petition.
          Texas Rule of Appellate Procedure 52.3


 identifies the requirements for a petition
for writ of mandamus filed in this court. Layton has failed to comply with these
requirements. Rule 52.3 requires that all factual statements in a petition must be verified
by affidavit made on personal knowledge. Layton did not verify his petition by affidavit nor
did he include an unsworn declaration subject to penalty of perjury, as authorized by
section 132.001 of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 132.001(a) (Vernon 2005). Further, Rule 52.3(b) requires that the petition
include a table of contents with references to the pages of the petition and an indication
of the subject matter of each issue or point raised in the petition. Layton’s petition includes
no table of contents. Rule 52.3(c) requires that a petition include an index of authorities
in which all authorities cited in the petition are arranged alphabetically and the page(s)
upon which the authorities are cited is indicated. Layton’s petition includes no index of
authorities. Rule 52.3(d) requires a statement of the case. Layton’s petition titles his
argument the “Statement of the Case,” however, this section of the petition fails to meet
the requirements of Rule 52.3(d). Rule 52.3(f) requires the petition include a concise
statement of all issues or points presented for relief. Layton’s petition includes no such
statement. Rule 52.3(g) requires the petition include a statement of facts that is supported
by references to the appendix or record. Layton’s petition provides no references to the
appendix to the petition or to the record. Rule 52.3(h) requires the petition include clear
and concise argument for the contentions made, with appropriate citations to authorities. 
Layton’s argument’s only citations to authority support the general authority for this court
to grant mandamus relief. Layton provides no authority nor reasonable argument to
support the issuance of mandamus relief in the present case. Rule 52.3(i) requires that
the petition contain a prayer that clearly states the nature of the relief sought. Layton’s
prayer simply asks this court to “intervene and prevent the respondent’s non-compliance
to (sic) the Texas Rules of Civil Procedure 202.1(b); 202.3 and 202.4(a)(2) . . .” or,
alternatively, to grant Layton “further or different relief” to which he may be entitled. This
generalized prayer for assistance does not clearly state the nature of the relief sought. 
Finally, Rule 52.3(j)(1)(A) identifies that a certified or sworn copy of any order complained
of or other document showing the matter complained of must be included in an appendix
to the petition. Layton identifies, in his argument, that the trial court has previously denied
his motion seeking to depose Clark, however, the order denying the motion is not included
in the appendix to the petition. Each of the items identified above is required in a petition
for writ of mandamus. Layton’s petition fails to comply with the requirements of Rule 52.3
in such a manner that we are precluded from conducting a meaningful review of the trial
court’s order. As such, we must deny the petition. In re Johnson, No. 07-03-0471-CV,
2003 Tex.App. LEXIS 10838, at *4-*5 (Tex.App.–Amarillo December 30, 2003, orig.
proceeding). 
          In the interest of judicial economy, even were we to overlook the myriad deficiencies
in Layton’s petition, the facts before us do not support the issuance of a writ of mandamus
against Judge Miner. A trial court has a ministerial duty to consider and rule on motions
properly filed and pending before the court and mandamus may issue to compel the judge
to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997,
orig. proceeding) (citing O’Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler
1993, orig. proceeding)). While the duty to rule on a properly filed motion is ministerial, a
particular ruling on the motion is generally discretionary and may be remedied by ordinary
appeal. In re Washington, No. 09-07-246 CV, 2007 Tex.App. LEXIS 6449, at *2
(Tex.App.–Beaumont August 16, 2007, orig. proceeding) (citing Ex parte Bates, 65 S.W.3d
133, 134-35 (Tex.App.–Amarillo 2001, orig. proceeding)). As Layton alleges that Judge
Miner has previously ruled on his motion, his petition appears to seek mandamus from this
court to compel Judge Miner to change his discretionary ruling. Without any identification
of an applicable exception to the general prohibition against using mandamus to alter
discretionary rulings, we conclude that we are without any legal authority to grant Layton
the relief sought.
          We deny Layton’s petition for writ of mandamus.
 
                                                                Mackey K. Hancock

                                                                         Justice