NO. 07-07-0490-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 19, 2007
_____

IN RE: DAVID MATTHEW LAYTON, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, David Matthew Layton, has filed a Petition for Writ of Mandamus with this court requesting that we "intervene and prevent the respondent's [the Honorable Hal Miner] non-compliance to (sic) the Texas Rules of Civil Procedure 202.1(b); 202.3 and 202.4(a)(2) . . . ." The petition complains of respondent's prior denial of Layton's motion to take the deposition of his criminal trial counsel to investigate a potential claim of legal malpractice relating to that representation. Layton previously appealed the trial court's ruling on this matter, but this court dismissed the appeal for want of jurisdiction. See Layton v. Clark, No. 07-06-0175-CV, 2007 Tex.App. LEXIS 1632 (Tex.App.–Amarillo March 5, 2007, no pet.). We deny the petition.

Texas Rule of Appellate Procedure 52.3[1] identifies the requirements for a petition for writ of mandamus filed in this court. Layton has failed to comply with these requirements. Rule 52.3 requires that all factual statements in a petition must be verified by affidavit made on personal knowledge. Layton did not verify his petition by affidavit nor did he include an unsworn declaration subject to penalty of perjury, as authorized by section 132.001 of the Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (Vernon 2005). Further, Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Layton's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Layton's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case. Layton's petition titles his argument the "Statement of the Case," however, this section of the petition fails to meet the requirements of Rule 52.3(d). Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Layton's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts that is supported by references to the appendix or record. Layton's petition provides no references to the appendix to the petition or to the record. Rule 52.3(h) requires the petition include clear and concise argument for the contentions made, with appropriate citations to authorities. Layton's argument's only citations to authority support the general authority for this court

---

[1] Further citation to Texas Rules of Appellate Procedure will be by reference to "Rule ___."

to grant mandamus relief. Layton provides no authority nor reasonable argument to support the issuance of mandamus relief in the present case. Rule 52.3(i) requires that the petition contain a prayer that clearly states the nature of the relief sought. Layton's prayer simply asks this court to "intervene and prevent the respondent's non-compliance to (sic) the Texas Rules of Civil Procedure 202.1(b); 202.3 and 202.4(a)(2) . . ." or, alternatively, to grant Layton "further or different relief" to which he may be entitled. This generalized prayer for assistance does not clearly state the nature of the relief sought. Finally, Rule 52.3(j)(1)(A) identifies that a certified or sworn copy of any order complained of or other document showing the matter complained of must be included in an appendix to the petition. Layton identifies, in his argument, that the trial court has previously denied his motion seeking to depose Clark, however, the order denying the motion is not included in the appendix to the petition. Each of the items identified above is required in a petition for writ of mandamus. Layton's petition fails to comply with the requirements of Rule 52.3 in such a manner that we are precluded from conducting a meaningful review of the trial court's order. As such, we must deny the petition. In re Johnson, No. 07-03-0471-CV, 2003 Tex.App. LEXIS 10838, at *4-*5 (Tex.App.–Amarillo December 30, 2003, orig. proceeding).

In the interest of judicial economy, even were we to overlook the myriad deficiencies in Layton's petition, the facts before us do not support the issuance of  a writ of mandamus against Judge Miner. A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997,

3

orig. proceeding) (<u>citing</u> <u>O'Donniley v. Golden</u>, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler 1993, orig. proceeding)).  While the duty to rule on a properly filed motion is ministerial, a particular ruling on the motion is generally discretionary and may be remedied by ordinary appeal.  <u>In re Washington</u>, No. 09-07-246 CV, 2007 Tex.App. LEXIS 6449, at *2 (Tex.App.–Beaumont August 16, 2007, orig. proceeding) (<u>citing</u> <u>Ex parte Bates</u>, 65 S.W.3d 133, 134-35 (Tex.App.–Amarillo 2001, orig. proceeding)).  As Layton alleges that Judge Miner has previously ruled on his motion, his petition appears to seek mandamus from this court to compel Judge Miner to change his discretionary ruling.  Without any identification of an applicable exception to the general prohibition against using mandamus to alter discretionary rulings, we conclude that we are without any legal authority to grant Layton the relief sought.

We deny Layton's petition for writ of mandamus.


Mackey K. Hancock
Justice

4