NO. 07-07-0506-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 14, 2008

______________________________


In re JOSEPH METOYER, 

                                                                                      Relator

_________________________________

Memorandum Opinion on Original Proceeding
_______________________________

Before QUINN, C.J., and CAMPBELL AND HANCOCK, JJ.
          Pending before the court is a document filed by Joseph Metoyer entitled “Illegal
Detention, Violation of Due Process Motion, Seeking Relief of Confinement.” Therein, he
contends that the trial court denied him “‘Hybrid’” representation and failed to set aside his
indictment since 180 days have elapsed since the date of his indictment. So too does he
allege that 1) the document before us was filed pursuant to Rule 10.1 of the Texas Rules
of Appellate Procedure, 2) the trial court refused to rule on any “pro-se motions” and
denied his motion for hybrid representation, and 3) because the trial court has not ruled on
his motion to set aside the indictment, he purports to be illegally confined. Also attached
to his document is a pre-printed application for a writ of habeas corpus wherein he
contends that on June 16, 2007, he filed a motion with the trial court under “Art. 32A.02"
of the Texas Code of Criminal Procedure requesting that the indictment be set aside since
he was purportedly denied a speedy trial.


 We deny the requests for the following reasons. 
          First, to the extent that Metoyer asks us to grant the motion to set aside the
indictment filed with the trial court, we cannot do that. Our authority does not permit us to
adjudicate a matter pending in a trial court without the trial court first acting upon it. See
O’Donniley v. Golden, 860 S.W.2d 267, 269 (Tex. App.–Tyler 1993, orig. proceeding)
(when a trial court has yet to act, authority entitles us only to order the trial court to act; it
does not allow us to tell the trial court what decision to make). 
          Second, to the extent that Metoyer is also asking for mandamus relief, the rules of
procedure obligate one seeking such relief to accompany his petition with an appendix. 
Tex. R. App. P. 52.3(j). The latter must include, among other things, a certified or sworn
copy of the document showing the matter complained of. In this case, the document
showing the matter complained of would be the motion to set aside the indictment. Yet,
it was not appended to his document. 
          We also note other instances of his failure to comply with the same rule. For
example, his application lacks 1) a section identifying the parties and counsel, 2) a table
of contents, 3) an index of authorities, 4) a statement of the case, and 5) a statement of
the issues presented. Those are required to be included in a petition seeking extraordinary
relief. Tex. R. App. P. 52.3. And, that Metoyer may be acting pro se does not relieve him
of complying with those requirements. Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex.
App.–Amarillo 1998, pet. denied).
          Third, nothing of record indicates that the motion to set aside the indictment
purportedly filed below was brought to the attention of the district court. Simply put, before
mandamus relief may issue, the petitioner must establish that the district court 1) had a
legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed
or refused to do it. O’Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this,
it is encumbent upon Metoyer to illustrate that the district court received and was aware of
his petition.


 This is so because a court cannot be faulted for doing nothing when it is or
was unaware of the need to act. Here, the record simply indicates that Metoyer’s motion
was filed with the district clerk. Whether the trial court was ever made aware of it is
unknown. Lacking that information, we cannot simply assume that the district court knew
of its duty to act and neglected to perform it. Thus, Metoyer has not fulfilled his burden to
illustrate that the trial court refused to act.
          Accordingly, Metoyer’s “Illegal Detention, Violation of Due Process Motion, Seeking
Relief of Confinement” motion/document is denied.
 
                                                                           Brian Quinn 
                                                                          Chief Justice 

Do not publish.