NO. 07-07-0506-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 14, 2008

_____


In re JOSEPH METOYER,

Relator

_____

***Memorandum Opinion on Original Proceeding***
_____

Before QUINN, C.J., and CAMPBELL AND HANCOCK, JJ.

Pending before the court is a document filed by Joseph Metoyer entitled "Illegal Detention, Violation of Due Process Motion, Seeking Relief of Confinement." Therein, he contends that the trial court denied him "'Hybrid'" representation and failed to set aside his indictment since 180 days have elapsed since the date of his indictment. So too does he allege that 1) the document before us was filed pursuant to Rule 10.1 of the Texas Rules of Appellate Procedure, 2) the trial court refused to rule on any "pro-se motions" and denied his motion for hybrid representation, and 3) because the trial court has not ruled on his motion to set aside the indictment, he purports to be illegally confined. Also attached to his document is a pre-printed application for a writ of habeas corpus wherein he contends that on June 16, 2007, he filed a motion with the trial court under "Art. 32A.02"

of the Texas Code of Criminal Procedure requesting that the indictment be set aside since he was purportedly denied a speedy trial.[1] We deny the requests for the following reasons.

First, to the extent that Metoyer asks us to grant the motion to set aside the indictment filed with the trial court, we cannot do that. Our authority does not permit us to adjudicate a matter pending in a trial court without the trial court first acting upon it. *See O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.–Tyler 1993, orig. proceeding) (when a trial court has yet to act, authority entitles us only to order the trial court to act; it does not allow us to tell the trial court what decision to make).

Second, to the extent that Metoyer is also asking for mandamus relief, the rules of procedure obligate one seeking such relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be the motion to set aside the indictment. Yet, it was not appended to his document.

We also note other instances of his failure to comply with the same rule. For example, his application lacks 1) a section identifying the parties and counsel, 2) a table of contents, 3) an index of authorities, 4) a statement of the case, and 5) a statement of the issues presented. Those are required to be included in a petition seeking extraordinary relief. TEX. R. APP. P. 52.3. And, that Metoyer may be acting *pro se* does not relieve him of complying with those requirements. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

---

[1]Article 32A.02 was repealed in June of 2005.

Third, nothing of record indicates that the motion to set aside the indictment purportedly filed below was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is encumbent upon Metoyer to illustrate that the district court received and was aware of his petition.[2] This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. Here, the record simply indicates that Metoyer's motion was filed with the district clerk. Whether the trial court was ever made aware of it is unknown. Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it. Thus, Metoyer has not fulfilled his burden to illustrate that the trial court refused to act.

Accordingly, Metoyer's "Illegal Detention, Violation of Due Process Motion, Seeking Relief of Confinement" motion/document is denied.


                                                    Brian Quinn
                                                    Chief Justice

Do not publish.

---

[2]Filing something with the district clerk does not mean the trial court knows of it. Nor is that clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Thus, Metoyer must prove that the trial court received notice of the pleading. *Id.* Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement. *Id.*