NO. 07-08-0042-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 23, 2008

_____

In re JERRY DALE JENKINS,

Relator

_____

*Memorandum Opinion on Original Proceeding for Writ of Mandamus*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is a document filed by Jerry Dale Jenkins entitled "Request for Appellate Records[,] Clerk's File Docket Sheet, Clerk's Court Docket Sheet, and the Minutes Read and Signed, and the Order of Cases Furnished Without Charge." Therein he contends that the trial court denied his request for a return of his property and asks that we "grant [his] motion . . . and . . . enter an order directing the County . . . and District Attorney and Sheriff to forthwith return said Property to Jerry Dale Jenkins." Furthermore, he requests that we "order the Hall County District Clerk . . . [to] provide true and correct copies of every specific documents [sic] requested and legal documents pertaining to cause numbers: 3247 and 3248. . . free of charge, . . . ." We deny the requests for the following reasons.

First, to the extent that Jenkins is attempting to mandamus the district clerk in order to obtain a free record, we lack authority to do so. Courts of appeals may only issue writs of mandamus 1) against a district or county court judge within the court's district or a district court judge who is acting as a magistrate at a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure within the court's district and 2) to preserve its jurisdiction. TEX. GOV'T CODE ANN. §22.221 (Vernon Supp. 1999). Since it has not been alleged that the district clerk is acting as a judge subject to our mandamus powers or that the writ is necessary to preserve our jurisdiction over a pending appeal, we have no authority to grant the relief requested. The same would be true of the relief sought against the county and district attorneys and the sheriff.

Second, to the extent that Jenkins is also asking for mandamus against the judge to direct the return of his property, the rules of procedure obligate one seeking such relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be the motion purportedly requesting his property. Yet, it was not appended to his document.

We also note other instances of his failure to comply with the applicable rules of procedure. For example, his application lacks 1) a section identifying the parties and counsel, 2) a table of contents, 3) an index of authorities, 4) a statement of the case, and 5) a statement of the issues presented. Those are required to be included in a petition seeking extraordinary relief. TEX. R. APP. P. 52.3. And, that Jenkins may be acting *pro se* does not relieve him of complying with those requirements. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

Third, to the extent that Jenkins asks us to grant the motions to return his property and to provide a free appellate record, we cannot do that. Our authority does not permit us to adjudicate a matter pending in a trial court without the trial court first acting upon it. *See O'Donniley v. Golden,* 860 S.W.2d 267, 269 (Tex. App.–Tyler 1993, orig. proceeding) (when a trial court has yet to act, authority entitles us only to order the trial court to act; it does not allow us to tell the trial court what decision to make).

Accordingly, Jenkins' "Request for Appellate Records, Clerk's File Docket Sheet, Clerk's Court Docket Sheet, and the Minutes Read and Signed, and the Order of Cases Furnished without Charge" motion/document is denied.


Brian Quinn
Chief Justice