NO. 07-06-0303-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 29, 2008
______________________________

VALERIANO HERRERA and JOSE BRUNO, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants

v.

EAGLE PASS INDEPENDENT SCHOOL DISTRICT, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 293RD DISTRICT COURT OF MAVERICK COUNTY;

NO. 04-12-20528-MCB; HON. CYNTHIA MUNIZ, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Valeriano Herrera and Jose Bruno (the employees) appeal from a final summary
judgment dismissing âwith prejudiceâ their claims against Eagle Pass Independent School
District (Eagle Pass or school district). Via two issues, the employees contend that the trial
court erred by granting both the traditional and no-evidence summary judgments on their
claims of retaliation. We reverse and remand in part and affirm in part.
Â Â Â Â Â Â Â Â Â Â According to the record before us, the employees sued Eagle Pass for violating their
constitutional rights arising under Â§8 and Â§27 of article I of the Texas Constitution. The
purported rights at issue were those prohibiting the school district from retaliating against
them for filing a grievance. Eagle Pass moved for summary judgment. In attacking the Â§8
retaliation claim, it endeavored to show that the employees were not the victim of
retaliation. However, in attacking the Â§27 claim, it argued that they had not been denied
any right to remonstrance, to due process, or to petition the government. Yet, the
employees did not accuse Eagle Pass of denying them of any such Â§27 rights. More
importantly, Eagle Pass said nothing in its motion about the viability of the purported
retaliation claim. Nonetheless, the trial court granted summary judgment and dismissed
all the claims asserted by the employees against the school district. 
Â Â Â Â Â Â Â Â Â Â It is beyond dispute that the motion for summary judgment must state the grounds
upon which the movant relies. Tex. R. Civ. P. 166a(c). Similarly indisputable is the rule
that a summary judgment cannot exceed the grounds or relief unmentioned in the motion. 
IBP, Inc. v. Klumpe, 101 S.W.3d 461, 468 (Tex. App.âAmarillo 2001, pet. denied). Therein
lies the problem here.
Â Â Â Â Â Â Â Â Â Â The motion for summary judgment did not address the employeesâ retaliation claim
founded on Â§27, article I of the Texas Constitution.


 Rather, Eagle Pass argued that the
employees were not denied any right to petition the government, which was not the
substance of their cause of action. Thus, the trial court could not adjudicate the Â§27
retaliation claim via summary judgment since the matter was not before it. 
Â Â Â Â Â Â Â Â Â Â Consequently, we reverse that portion of the summary judgment dismissing âwith
prejudiceâ the claim of retaliation founded upon Â§27, art. I of the Texas Constitution. The
remainder of the summary judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice



me="Medium List 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00260-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL C

Â 



JULY
26, 2010

Â 



Â 

IN RE: JOE P. MAESTAS, RELATOR



Â 



Â 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Relator, Joe P. Maestas, has filed a
Petition for Writ of Mandamus seeking this Court to order the Honorable Don R.
Emerson Ato produce the T[exas]
D[epartment of] C[riminal]
J[ustice] Classification Records on the R[e]lator[]s [se]ntence and any
agreement made with the federal [p]rison [s]ystems, including all Parole-Revocation warrants,
detainers[,] and/or all relevant material(s) involved in satisfying this issue.
. . .@Â 
We deny the petition.

Texas
Rule of Appellate Procedure 52.3 identifies the requirements for a petition for
writ of mandamus filed in this court. Â See
Tex. R. App. P. 52.3.
[1]
Â Maestas has
failed to comply with these requirements.Â 
Rule 52.3 requires that all factual statements in a petition must be
verified by affidavit made on personal knowledge.Â  While Maestas does not
include an affidavit, he does include an unsworn declaration subject to penalty
of perjury, as authorized by Tex. Civ. Prac. & Rem. Code Ann. ' 132.001(a) (Vernon 2005).Â  However, Rule 52.3(a) requires that a
petition include a complete list of all parties and the names and addresses of
all counsel.Â  Maestas
does not list the names of the parties against whom he seeks mandamus relief
apart from identification of the trial court and vague references in the
argument portion of his petition.Â  Rule
52.3(b) requires that the petition include a table of contents with references
to the pages of the petition and an indication of the subject matter of each
issue or point raised in the petition.Â  Maestas=s petition includes no table of
contents.Â  Rule 52.3(c) requires that a
petition include an index of authorities in which all authorities cited in the
petition are arranged alphabetically and the page(s) upon which the authorities
are cited is indicated.Â  Maestas=s petition includes no index of
authorities.Â  Rule 52.3(e) requires that
the petition state, without argument, the basis of the CourtÂs jurisdiction to
consider the original proceeding.Â  MaestasÂs petition does not identify the basis for this
CourtÂs exercise of jurisdiction.Â  Rule
52.3(f) requires the petition include a concise statement of all issues or
points presented for relief.Â  Maestas=s petition includes no such
statement.Â  Rule 52.3(h) requires the
petition include a clear and concise argument for the contentions made.Â  MaestasÂs petition
is far from clear in that it appears that he is requesting both copies of
records purportedly in the possession of the trial court and also this CourtÂs
reconsideration of the Texas Court of Criminal AppealsÂs
opinion on a writ of habeas corpus previously filed by Maestas.[2]Â  See Ex parte Maestas,
No. AP-75,926, 2008 Tex.Crim.App.
Unpub.
LEXIS 401 (Tex.Crim.App. June 4, 2008) (per curiam).Â  Rule 52.3(k)(1)
requires the relator append a certified or sworn copy
of any order or other document showing the matter complained of.Â  Maestas did not
append any motion or other document establishing that he requested the
documents sought from the trial court.Â  Each
of these items are required in a petition for writ of mandamus and, as Maestas failed to include them in his petition, we will not
grant the relief that he requests.

However,
even if Maestas had complied with the requirements of
Rule 52.3, his petition fails to establish his entitlement to mandamus relief.

The
party seeking mandamus relief has the burden to provide a record sufficient to
establish his entitlement to such relief.Â 
Walker v. Packer, 827 S.W.2d 833, 837 (Tex.
1992).Â  The relator
in a mandamus proceeding must file, with his petition, a certified or sworn
copy of every document that is material to the relator=s claim for relief and that was filed
in any underlying proceeding.Â  Rules
52.3(k)(1)(A), 52.7(a)(1).Â  To establish entitlement to mandamus relief
for a trial court=s failure to consider and rule on a
motion, the relator must establish that the trial
court had a legal duty to perform a non-discretionary act, was asked to perform
the act, and failed or refused to do so within a reasonable time.Â  In re Chavez, 62
S.W.3d 225, 228 (Tex.App.BAmarillo 2001, orig.
proceeding).Â  A trial court has a
ministerial duty to consider and rule on motions properly filed and pending
before the court, and mandamus may issue to compel the judge to act.Â  Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex.App.BSan Antonio 1997, orig. proceeding) (citing
O=Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.BTyler 1993, orig. proceeding)).Â  

Nothing
in MaestasÂs petition indicates that his request for
records has ever been brought to the attention of the trial court in any
way.Â  Maestas
has not referenced, let alone attached a copy of, a motion requesting the
records sought by the instant petition from the trial court.Â  As such, Maestas
has failed to present a record sufficient for this Court to determine whether
he is entitled to the relief sought.

To the
extent that MaestasÂs petition asks this Court to
reconsider the Texas Court of Criminal AppealsÂs
opinion in Ex parte Maestas, 2008 Tex.Crim.App. Unpub. LEXIS 401, we have no appellate or mandamus authority over
the Texas Court of Criminal Appeals.Â  A
court of appeals has authority to issue writs of mandamus against district and
county court judges within the court of appeals=s district and all writs necessary to enforce its
jurisdiction.Â  Tex. Gov=t Code Ann. ' 22.221(a), (b) (Vernon 2004).Â  As Maestas has made
no effort to identify how this CourtÂs reconsideration of the Texas Court of
Criminal AppealsÂs opinion is necessary to enforce the
jurisdiction of this Court, we have no authority to reconsider the previous
opinion of the higher court.

For the
foregoing reasons, we deny MaestasÂs petition for
writ of mandamus.

Â 

Per Curiam

Â 











[1]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[2] While the prayer in MaestasÂs petition requests only that we order the trial
court to provide certain records from the prior habeas corpus proceeding, a
liberal construction of the argument reveals a request by Maestas
that this Court reconsider the Texas Court of Criminal AppealsÂs
opinion.