NO. 07-10-00260-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 26, 2010

IN RE: JOE P. MAESTAS, RELATOR

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Joe P. Maestas, has filed a Petition for Writ of Mandamus seeking this Court to order the Honorable Don R. Emerson "to produce the T[exas] D[epartment of] C[riminal] J[ustice] Classification Records on the R[e]lator['s] [se]ntence and any agreement made with the federal [p]rison [s]ystems, including all Parole-Revocation warrants, detainers[,] and/or all relevant material(s) involved in satisfying this issue. . . ." We deny the petition.

Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this court. See TEX. R. APP. P. 52.3. [1] Maestas has failed to comply with these requirements. Rule 52.3 requires that all factual statements in a petition must be verified by affidavit made on personal knowledge. While Maestas does

---

[1]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

not include an affidavit, he does include an unsworn declaration subject to penalty of perjury, as authorized by TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (Vernon 2005). However, Rule 52.3(a) requires that a petition include a complete list of all parties and the names and addresses of all counsel. Maestas does not list the names of the parties against whom he seeks mandamus relief apart from identification of the trial court and vague references in the argument portion of his petition. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Maestas's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Maestas's petition includes no index of authorities. Rule 52.3(e) requires that the petition state, without argument, the basis of the Court's jurisdiction to consider the original proceeding. Maestas's petition does not identify the basis for this Court's exercise of jurisdiction. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Maestas's petition includes no such statement. Rule 52.3(h) requires the petition include a clear and concise argument for the contentions made. Maestas's petition is far from clear in that it appears that he is requesting both copies of records purportedly in the possession of the trial court and also this Court's reconsideration of the Texas Court of Criminal Appeals's opinion on a writ of habeas corpus previously filed by Maestas.[2] See Ex parte Maestas, No. AP-

---

[2] While the prayer in Maestas's petition requests only that we order the trial court to provide certain records from the prior habeas corpus proceeding, a liberal

2

75,926, 2008 Tex.Crim.App. Unpub. LEXIS 401 (Tex.Crim.App. June 4, 2008) (per curiam). Rule 52.3(k)(1) requires the relator append a certified or sworn copy of any order or other document showing the matter complained of. Maestas did not append any motion or other document establishing that he requested the documents sought from the trial court. Each of these items are required in a petition for writ of mandamus and, as Maestas failed to include them in his petition, we will not grant the relief that he requests.

However, even if Maestas had complied with the requirements of Rule 52.3, his petition fails to establish his entitlement to mandamus relief.

The party seeking mandamus relief has the burden to provide a record sufficient to establish his entitlement to such relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). The relator in a mandamus proceeding must file, with his petition, a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. Rules 52.3(k)(1)(A), 52.7(a)(1). To establish entitlement to mandamus relief for a trial court's failure to consider and rule on a motion, the relator must establish that the trial court had a legal duty to perform a non-discretionary act, was asked to perform the act, and failed or refused to do so within a reasonable time. In re Chavez, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court, and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997,

construction of the argument reveals a request by Maestas that this Court reconsider the Texas Court of Criminal Appeals's opinion.

3

orig. proceeding) (citing <u>O'Donniley v. Golden</u>, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler 1993, orig. proceeding)).

Nothing in Maestas's petition indicates that his request for records has ever been brought to the attention of the trial court in any way. Maestas has not referenced, let alone attached a copy of, a motion requesting the records sought by the instant petition from the trial court. As such, Maestas has failed to present a record sufficient for this Court to determine whether he is entitled to the relief sought.

To the extent that Maestas's petition asks this Court to reconsider the Texas Court of Criminal Appeals's opinion in <u>Ex parte Maestas</u>, 2008 Tex.Crim.App. Unpub. LEXIS 401, we have no appellate or mandamus authority over the Texas Court of Criminal Appeals. A court of appeals has authority to issue writs of mandamus against district and county court judges within the court of appeals's district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004). As Maestas has made no effort to identify how this Court's reconsideration of the Texas Court of Criminal Appeals's opinion is necessary to enforce the jurisdiction of this Court, we have no authority to reconsider the previous opinion of the higher court.

For the foregoing reasons, we deny Maestas's petition for writ of mandamus.

Per Curiam

4