NO. 07-11-0011-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 28, 2011

In re SYGOURNEY N. GRAJEDA, Relator

**_Memorandum Opinion On_**
**_Original Proceeding for Writ of_**
**_Mandamus_**

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is the petition of Sygourney N. Grajeda for a writ of mandamus. Grajeda asks that we "compel [the] respondent, Judge Roland Saul of the 222nd District Court, Deaf Smith County, to appoint an attorney to represent her in her motion for forensic DNA testing." We deny the petition.

According to the record before us, Grajeda requested that the trial court appoint her counsel, but it had yet to rule on the request when the petition was filed. In such situations, we are barred from ordering the trial court to rule in a particular manner; we, at best, could only order that it rule on the motion. *See O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.–Tyler 1993, orig. proceeding). Since receiving the petition, the trial court has ruled upon the motion and denied the request for counsel. It concluded that it found no reasonable grounds for the motion for DNA testing to be filed. So the matter of ordering the trial court to act has become moot. And, because nothing

in the petition purports to attack the trial court's decision to deny counsel, explain why the trial court's decision could be wrong, or even establish that the trial court's decision could be reviewed via a petition for mandamus, we do not consider the current petition as evincing a request for us to review the decision.[1]

Accordingly, the petition is denied at this time.


Brian Quinn
Chief Justice

---

[1]The Court of Criminal Appeals in *Gutierrez v. State*, 307 S.W.3d 318 (Tex. Crim. App. 2010) has held that an order denying appointed counsel under article 64.01(c) is not an immediately appealable order, but it did not address whether the issue could be considered through a writ of mandamus.