NO. 07-12-00284-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 27, 2012

_____

IN RE JOEL SAUCEDO, RELATOR

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, Joel Saucedo, has filed in this Court his petition for writ of mandamus in which he contends that Respondents, the Honorable John J. McClendon III, presiding judge of the 137th District Court of Lubbock County, and, Barbara Sucsy, the District Clerk of Lubbock County, are denying him his constitutional rights of due process, freedom of speech, and access to courts by failing to "give [him] an answer" on two pending motions he claims to have filed in the trial court in connection with trial court cause number 2002-438,654. Saucedo requests that this Court direct Respondents to rule on his two pending motions, one requesting DNA testing and one requesting a new trial.

We observe a fatal defect in Saucedo's petition: he fails to include an appendix that would demonstrate he is entitled to the relief sought. TEX. R. APP. P. 52.3(k).[1] A relator bears the burden of providing a record sufficient to establish entitlement to mandamus relief. See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); see also In re Bates, 65 S.W.3d 133, 135 (Tex.App.—Amarillo 2001, orig. proceeding).

A trial court does have a ministerial duty to consider and rule on motions properly filed and pending before the court, and mandamus may issue to compel the judge to act.[2] O'Donniley v. Golden, 860 S.W.2d 267, 269–70 (Tex.App.—Tyler 1993, orig. proceeding) (per curiam) (quoting Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam)). However, the trial court is afforded a reasonable time in which to perform this ministerial duty. Barnes, 832 S.W.2d at 426. Therefore, to establish entitlement to mandamus relief for a trial court's failure to consider and rule on a motion, the relator must establish that the trial court had a legal duty to perform a non-discretionary act, was asked to perform the act, and failed or refused to do so within a reasonable time. In re Chavez, 62 S.W.3d 225, 228 (Tex.App.—Amarillo 2001, orig. proceeding). So, Saucedo bore the burden of providing

---

[1] We add that Saucedo's petition does not comply with a number of the other formal requirements of a petition for writ of mandamus. See TEX. R. APP. P. 52.3.

[2] To the extent that Saucedo has requested that this Court issue a writ of mandamus compelling the District Clerk of Lubbock County to take some action with respect to his motions, we note that we have jurisdiction to issue a writ against a district clerk only when necessary to enforce our jurisdiction. See TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004); In re Coronado, 980 S.W.2d 691, 692 (Tex.App.—San Antonio 1998, orig. proceeding) (per curiam).

2

us with a record showing that a properly filed motion has awaited disposition for an unreasonable period of time. See In re Bates, 65 S.W.3d at 135. He has wholly failed to do so and has therefore failed to adequately demonstrate he is entitled to the extraordinary relief requested. See id.

For the foregoing reasons, we deny Saucedo's petition for writ of mandamus. See TEX. R. APP. P. 52.8(a).

Mackey K. Hancock
Justice
