NO. 07-09-0336-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 18, 2009
_____

IN RE MICHAEL LOU GARRETT, RELATOR
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Michael Lou Garrett, has filed a Petition for Writ of Mandamus[1] requesting this Court to issue a writ of mandamus ordering respondent, the Honorable Hal Miner, to decide two pending motions filed by Garrett and "to cease further obstructions of the petitioner's attempts to process his lawsuit . . . ." We deny the petition.

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements for a petition for writ of mandamus filed in this Court. Garrett has failed to comply with these

---

[1] Garrett's initial petition is dated October 12, 2009. However, this petition was not accompanied by the required filing fee or a motion to proceed *in forma pauperis*. In response to this Court's notice of the failure to file the fee, Garrett filed a second, identical petition, dated November 4, 2009, that was accompanied by a motion to proceed *in forma pauperis*. This Court has granted Garrett's motion and construes the November 4 petition to be an amended petition.

[2] Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

requirements. Rule 52.3 requires the person filing a petition must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. See Rule 52.3(j). Garrett failed to make this certification. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Garrett does not list the parties against whom he seeks mandamus relief apart from their identification in the argument portion of his petition. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Garrett's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Garrett's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case. Garrett's petition does not contain a statement of the case and does not identify the nature of the underlying proceeding. Rule 52.3(e) requires that the petition must state the basis of the court's jurisdiction. Garrett's petition does not include a statement of the basis of this Court's jurisdiction. Rule 52.3(f) requires the petition to include a concise statement of all issues or points presented for relief. Garrett's petition includes no such statement. Each of these items are required in a petition for writ of mandamus and, as Garrett failed to include them in his petition, we will not grant the relief that he requests.

However, even if Garrett had complied with the requirements of Rule 52.3, his petition fails to establish his entitlement to mandamus relief. A trial court has a ministerial

2

duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler 1993, orig. proceeding)). However, the trial court is afforded a reasonable time in which to perform this ministerial duty. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). To establish entitlement to mandamus relief for a trial court's failure to consider and rule on a motion, the relator must establish that the trial court had a legal duty to perform a non-discretionary act, was asked to perform the act, and failed or refused to do so within a reasonable time. In re Chavez, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding). A court is not required to consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.–Houston [1st Dist.] 1994, writ denied).

Garrett fails to establish that his motions were brought to the attention of the trial court. According to Garrett's petition, the District Clerk filed his "Motion Requesting an Order Compelling Discovery to Enable Service of Process" on June 26, 2009, and his Motion to Recuse Judge Miner on July 16, 2009. The cover letters for each of these motions request the District Clerk to "file these instruments among the other papers" of the cause "and bring same to the attention of the Court Coordinator." Clearly, even if Garrett's requests were fully complied with, there is no evidence that the motion was ever brought to the attention of the trial court. Filing a motion with the district clerk does not establish that the motion was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. In re Chavez, 62 S.W.3d at 228. Because

3

Garrett's petition fails to demonstrate that his motion has been actually brought to the trial court's attention or presented for a ruling, we must deny Garrett's petition for writ of mandamus. See In re Posey, No. 07-03-0518-CV, 2004 Tex.App. LEXIS 695, at *2-*3 (Tex.App.–Amarillo 2004, orig. proceeding).

Additionally, while a trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court, the court is afforded a reasonable time in which to perform its ministerial duty. Safety-Kleen Corp., 945 S.W.2d at 269. Whether a reasonable time has lapsed depends on the facts of each case. Barnes, 832 S.W.2d at 426. Factors relevant in determining whether a reasonable time has lapsed include whether the trial court had actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed first. In re Villarreal, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding). As addressed above, nothing in the record before us establishes that Garrett's motions were ever brought to the attention of the trial court. Further, no overt refusal to act is shown,[3] no evidence of the state of the trial court's docket is provided, and there is no evidence of whether the trial court must afford other judicial or administrative duties priority. It is the burden of the party requesting relief to provide a record sufficient to establish his entitlement to mandamus relief. See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992)

---

[3] Garrett contends that the District Clerk's return of an unsigned order relating to his motion to compel discovery evidences a refusal of the trial court to act. At best, such action can lead to an inference that the trial court refused to act. However, without any evidence that the motion was brought to the attention of the trial court, the return of the unsigned order falls far short of evidencing an overt refusal to act.

4

(orig. proceeding); In re Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding).

Finally, Garrett's motions were filed on June 26, 2009, and July 16, 2009. Thus, the motions have been pending before the trial court for four and half and four months, respectively. Ordinarily, such a delay will not be considered unreasonable. See In re Gonzales, No. 07-06-0324-CV, 2006 Tex.App. LEXIS 8057, at *3, (Tex.App.–Amarillo Sept. 6, 2006, orig. proceeding) (memo. op.) (three months pendency of motion not unreasonable delay).

For the foregoing reasons, Garrett's petition for writ of mandamus is denied.

Mackey K. Hancock
Justice