NO. 07-10-00330-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



SEPTEMBER
8, 2010

 



 

IN RE: DAVID MATTHEW LAYTON, RELATOR



 



 

Before QUINN, C.J., and  CAMPBELL and
HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Relator, David Matthew Layton, has filed a
Petition for Writ of Mandamus[1]
with this Court requesting that we issue writ of mandamus “to compel the Judge
of the 251st Judicial District Court to vacate her order denying relator’s [m]otion for forensic
DNA testing and appoint him [c]ounsel in accordance
with [a]rticle 64.01(c) of the Texas Code of Criminal
Procedure.  We deny the petition.

Layton’s petition challenges the
trial court’s denial of his motion for post-conviction DNA testing and
appointment of counsel.  While a trial
court has a ministerial duty to consider and rule on motions properly filed and
pending before the court and mandamus may issue to compel the judge to act, Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.BSan Antonio 1997, orig. proceeding) (citing
O=Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.BTyler 1993, orig. proceeding)),
mandamus may not be utilized to challenge a particular ruling on a motion.  A trial court’s ruling on a motion is
generally discretionary and may be remedied by ordinary appeal.  In re Washington,
No. 09-07-246 CV, 2007 Tex.App. LEXIS 6449, at *2 (Tex.App.BBeaumont August 16, 2007, orig.
proceeding) (citing Ex parte Bates, 65 S.W.3d 133, 134-35 (Tex.App.BAmarillo 2001, orig.
proceeding)).  The appendix to Layton’s
petition includes a copy of the trial court’s order denying his motion, and his
petition seeks mandamus relief to compel the trial court to vacate its order
and to appoint Layton counsel.  Thus, by
his petition, Layton seeks relief from this Court to compel the trial court to
change its discretionary ruling.  Without
any identification of an applicable exception to the general prohibition
against using mandamus to alter discretionary rulings, we conclude that we are
without authority to grant Layton the relief sought.

Further, the denial of a motion for
post-conviction forensic DNA testing is an appealable order,
see Layton v. State, Nos. 07-03-0383-CR, 07-03-0384-CR,
07-03-0385-CR, 2005 Tex.App. LEXIS 1520 (Tex.App.—Amarillo February 24, 2005, pet. ref’d), and, therefore, direct appeal presents an adequate
remedy.  Mandamus will not issue where
there is "a clear and adequate remedy at law, such as a normal
appeal."  Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992) (quoting State v. Walker, 679 S.W.2d
484, 485 (Tex. 1984)).  Mandamus is
intended to be an extraordinary remedy, available only in limited
circumstances.  Id.  The requirement that persons seeking mandamus
relief establish the lack of an adequate appellate remedy is a
"fundamental tenet" of mandamus practice.  Id. (quoting Holloway v. Fifth
Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989)).  As the present circumstance is capable of
remedy by direct appeal, this Court may not grant Layton the relief sought.

Because mandamus relief is not
available in the present circumstances, we deny Layton’s petition for writ of
mandamus.

 








                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] Texas Rule of Appellate Procedure
52.3 identifies the requirements for a petition for writ of mandamus filed in
this court.  While Layton’s petition does
not strictly comply with these requirements, the petition is not so deficient
as to preclude this Court from conducting a meaningful review of the trial
court=s order.  See In re Johnson, No.
07-03-0471-CV, 2003 Tex.App. LEXIS
10838, at *4-*5 (Tex.App.BAmarillo December 30, 2003, orig.
proceeding).