NO. 07-12-00163-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 29, 2012

_____

IN RE DAVID VALDEZ, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, David Valdez, has filed an "Application for Writ of Mandamus" requesting this Court issue a writ of mandamus ordering respondent, the 223rd Judicial District Court, to consider and rule on Valdez's pending application for writ of habeas corpus for emergency healthcare pursuant to article 11.25 of the Texas Code of Criminal Procedure. We deny Valdez's request.

Texas Rule of Appellate Procedure 52.3[1] identifies the requirements for a petition for writ of mandamus filed in this Court. Valdez has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Valdez does not list the parties against whom he seeks mandamus relief. However, Valdez does identify the

_____

[1]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

respondent as the 223rd Judicial District Court. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Valdez's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Valdez's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case. Valdez's petition does not contain a statement of the case. Rule 52.3(e) requires that the petition must state the basis of the court's jurisdiction. Valdez's petition does not include a statement of the basis of this Court's jurisdiction over this petition, but rather just cites Texas Government Code section 22.221's grant of general mandamus authority. Rule 52.3(f) requires the petition to include a concise statement of all issues or points presented for relief. Valdez's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Valdez's petition does not include a statement of facts. Each of these items is required in a petition for writ of mandamus and, as Valdez failed to include them in his petition, we will not grant the relief that he requests.

However, even if Valdez had complied with the requirements of Rule 52.3, his petition fails to establish his entitlement to mandamus relief. A trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court and mandamus may issue to compel the judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding) (citing O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex.App.–Tyler 1993, orig.

proceeding)). However, the trial court is afforded a reasonable time in which to perform this ministerial duty. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). To establish entitlement to mandamus relief for a trial court's failure to consider and rule on a motion, the relator must establish that the trial court had a legal duty to perform a non-discretionary act, was asked to perform the act, and failed or refused to do so within a reasonable time. In re Chavez, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding).

While a trial court has a ministerial duty to consider and rule on motions properly filed and pending before the court, the court is afforded a reasonable time in which to perform its ministerial duty. Safety-Kleen Corp., 945 S.W.2d at 269. Whether a reasonable time has lapsed depends on the facts of each case. Barnes, 832 S.W.2d at 426. Factors relevant in determining whether a reasonable time has lapsed include whether the trial court had actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed first. In re Villarreal, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding). No overt refusal to act on the part of the trial court is shown in the record or appendix. Further, Valdez provides no evidence of the state of the trial court's docket, and there is no evidence of whether the trial court must afford other judicial or administrative duties priority. It is the burden of the party requesting relief to provide a record sufficient to establish his entitlement to mandamus relief. See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); In re Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding). Furthermore, Valdez's application has been pending before the trial court for only two months. Even assuming Valdez had otherwise established

3

his entitlement to relief, we decline to hold that two months constitutes an unreasonable delay in which to perform a ministerial duty.  In re Bramlett, No. 07-09-0113-CV, 2009 Tex.App. LEXIS 5228, at *5 (Tex.App.—Amarillo July 8, 2009, orig. proceeding) (mem. op.).

For the foregoing reasons, Valdez's petition for writ of mandamus is denied.

Mackey K. Hancock
Justice