# NO. 12-13-00162-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BRYAN G. WILSON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Relator Bryan G. Wilson has filed a petition for a writ of mandamus directing the trial court to rule on his "Motion for District Attorney to Reopen Cause #8427-A for the Consideration of Acquittal" and "Motion for Evidentiary Hearing." He further asks that the trial court be directed to "dismiss and issue order of acquittal of Cause #8427." We deny the petition.

In a criminal case, a relator is entitled to mandamus relief only if he establishes (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). Before we may grant relief, however, a relator must establish that the trial court had a legal duty to rule on the motion, the court received and was asked to rule on the motion, and the court failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.–Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding).

We first note that Relator's motion to reopen cause number 8427-A is addressed to Joe Ned Dean, who is the District Attorney of Trinity County, Texas. The motion is not directed to the trial court, and therefore we do not address it.

Moreover, Relator's conviction is final. Therefore, the trial court has lost plenary jurisdiction over the case and has no jurisdiction to rule on Relator's motion for an evidentiary

hearing. *See State v. Holloway*, 360 S.W.3d 480, 484-86 (Tex. Crim. App. 2012). Relator acknowledges that he has been incarcerated for twelve years pursuant to his conviction in the subject cause number, but contends that the conviction is void because it violates the prohibition against double jeopardy. He argues further that, because his conviction is void, the trial court has plenary jurisdiction to rule on his motion. However, we cannot address Relator's double jeopardy claim. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (court of criminal appeals has exclusive authority to grant postconviction relief from final felony conviction). Therefore, based upon the record before us, we hold that Relator has not shown the trial court has a legal duty to rule on his motion for an evidentiary hearing.[1] Consequently, he has not satisfied the ministerial act prerequisite to mandamus. Relator's petition for writ of mandamus is ***denied***.

Opinion delivered June 5, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] And even when a trial judge has a duty to rule on a motion, we cannot tell him how to rule on the motion before he rules on it. *See O'Donniley v. Golden*, 860 S.W2d 267, 269 (Tex. App.–Tyler 1993, orig. proceeding).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 5, 2013

NO. 12-13-00162-CR

**BRYAN G. WILSON,**
Relator
v.
**HON. ROBERT HILL TRAPP**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **BRYAN G. WILSON**, who is the relator in Cause No.8427, pending on the docket of the 411th Judicial District Court of Trinity County, Texas. Said petition for writ of mandamus having been filed herein on May 15, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*