

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00342-CV
_____

IN RE RICHARD JAMES JOHNSON, RELATOR

ORIGINAL PROCEEDING

October 28, 2013

## ON PETITION FOR WRIT OF MANDAMUS

**Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.**

Relator, Richard James Johnson, has filed a petition for writ of mandamus requesting this Court to order the trial court to "serve defendants, allow [relator] to appear at [a] hearing [on defendant's motion to dismiss], and rule on the [relator's] motions." We deny the petition.

First, Texas Rule of Appellate Procedure 52.3 identifies the requirements for a petition for writ of mandamus filed in this Court. Rule 52.3(k)(1)(A) provides that the appendix to a petition for writ of mandamus must contain a certified or sworn copy of any order complained of or any other document showing the matter complained of. Johnson has appended only an unsworn and non-certified copy of a motion for a "bench warrant or for permission to conduct hearing by telephone conference or other means."

Similarly, Johnson neglected to certify that he reviewed the petition and concluded that every factual statement contained in it is supported by competent evidence included in the appendix. Such is required by Texas Rule of Appellate Procedure 52.3(j).

Also lacking is compliance with other aspects of Rule 52. For instance, Johnson's application contains no identity of the parties and counsel, table of contents, index of authorities, statement of the case, or statement of the issues presented. Rule 52.3 requires one seeking extraordinary relief, such as a writ of mandamus, to include those matters in his petition. And, that Johnson may be acting *pro se* does not relieve him of complying with the rules of procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied).[1]

Second, nothing of record indicates that the motion purportedly filed below was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Given this, it is encumbent upon Johnson to illustrate that the district court received and was aware of his motion. This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. Additionally, filing something with the district clerk does not mean the trial court knows of it, nor is the clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig.

---

[1] Regarding Johnson's complaint about the court failing to "issue service," we are not told the nature of the service required. If it concerns the original petition, apparently the defendants have been served since Johnson represents that they filed a motion to dismiss.

proceeding). Thus, Johnson must prove that the trial court received notice of the pleading. *Id.*

Here, the record simply indicates that Johnson's motion was served on Harold J. Liller with the Attorney General's office by mail and there is no indication it was ever filed with the trial court or the district clerk. Whether the trial court was ever made aware of it is unknown. Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it. Thus, Johnson has not fulfilled his burden to illustrate that the trial court refused to act.

Third, and assuming *arguendo* that a pleading is brought to the attention of a district court, the latter has a duty to consider and act upon it. *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). This is so because the task of considering it is ministerial. *In re Bates*, 65 S.W.3d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.—Tyler 1993, orig. proceeding). However, the court has a reasonable time within which to act. *In re Bates,* 65 S.W.3d at 135. And, whether that period lapsed is dependent upon the circumstances of each case. *Id.* In other words, no bright line demarcates the boundaries of a reasonable time period. *Id.* Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.3d at 135; *see Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 694-695 (Tex.

3

App.—Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since the latter power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Bates,* 65 S.W.3d at 135, Johnson had the obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time. He has not done that.

The record before us merely illustrates that Johnson mailed his motion to the attorney general on October 7, 2013. Yet, no other evidence purporting to touch upon the indicia discussed in the preceding paragraph appears of record. And, because we do not hold that the district court's failure to act upon a motion about which it may have no knowledge constitutes unreasonable delay *per se*, Johnson again has not satisfied his burden of proof.

Finally, because Johnson requests that we "mandate" the trial court to "allow him to appear at the hearing," he is asking that we mandate the trial court to rule a certain way. That we cannot do. A district court may be compelled to consider and rule on a pending motion presented to the court. *See Simon v. Levario*, 306 S.W.3d 318, 321 (Tex. Crim. App. 2009). Mandamus relief, however, will not issue to compel the court to rule in a particular way on a pending motion. *Id.*; *White v. Reiter*, 640 S.W.2d 586, 593-94 (Tex Crim. App. 1982).

For the foregoing reasons, Johnson's petition for writ of mandamus is denied.

Per Curiam